## UNITED STATES AND CITY OF NEW YORK *v.* BENEDICT, SOLE SURVIVING TRUSTEE OF LANGLEY.

ERROR TO THE CIRCUIT COURT OF APPEALS FOR THE SECOND CIRCUIT.

No. 394. Argued January 23, 1923.—Decided March 5, 1923.

1. In an action to recover money from the United States, wherein, upon a suggestion made by the Circuit Court of Appeals to avoid a reversal, the plaintiff assigned part of the recovery to a city which claimed an interest in the premises but insisted that the complaint should have been dismissed. *Held,* that the city, by not objecting to the suggestion in the Court of Appeals and by waiting three months before suing out a writ of error here, must be deemed to have accepted the assignment and consented to the judgment and that its writ of error must be dismissed. P. 298.

2. In an action against the United States for a balance due on property taken under the Lever Act, interest is recoverable from the date of the taking. P. 298. *Seaboard Air Line Ry. Co.* v. *United States, post,* 299.

Writ of error of City of New York to review 280 Fed. 76, dismissed. As to the United States, judgment affirmed.

ERROR to a judgment of the Circuit Court of Appeals affirming, with modification, a judgment of the District Court for the plaintiff, in an action against the United States for a balance due as compensation for property taken under the Lever Act. The City of New York was joined as co-defendant to adjudicate its claim of interest in the property.

Mr. *Alfred A. Wheat,* Special Assistant to the Attorney General, with whom Mr. *Solicitor General Beck* was on the brief, for the United States.

Mr. *Charles J. Nehrbas,* with whom Mr. *Edward J. Kenney, Jr.,* was on the brief, for the City of New York, plaintiff in error.

The City of New York succeeded in the Circuit Court of Appeals to the extent of recovering the value of the beds of the streets between First Avenue and the high water line, but was unsuccessful in that it failed to recover the value of the portions of the streets between the high water line and the pier line.

The City has accordingly sued out its writ of error to bring before this Court the question of its right to compensation for the portions of the beds of the streets in question between the high water line and the pier line approved by the Secretary of War on March 4, 1890.

The deed conveyed to the City the land within the lines of the streets to the pier head line.

The deed was within the power of the trustees who executed it, and was in all respects valid and effectual to convey the premises to the City.

The judgment should be modified by requiring defendant in error to assign to the City of New York an additional portion of the judgment recovered against the United States, representing the compensation, with interest, awarded for the portions of the streets between the high water line and the pier head line, to wit, the sum of $589,731.82.

*Mr. Royal E. T. Riggs,* with whom *Mr. William H. Seibert* was on the brief, for defendant in error.

The only question between plaintiff and the United States is the right to interest and the assignments of error do not present that question for review.

Just compensation must include interest upon the value of the property at the time of the taking from the date of the actual appropriation thereof to the date of payment therefor.

The Circuit Court of Appeals erred in requiring the plaintiff to execute and file an assignment of $162,240 of the judgment to the City of New York because: (a) The

City had stipulated on the trial that it was entitled to no relief in this action. (b) The plaintiff was entitled to the judgment even if the title to the streets was in the City. (c) Title to the disputed streets was in the plaintiff.

The City's assignments of error presented no claim in the court below to any part of judgment, and the action of that court in ordering the assignment was a plain error which may be remedied in this Court.

The deed from the trustees if valid conveyed the property with 61st, 62nd and 63rd Streets from Second Avenue only to " the New York Bay " and terminated at high water mark. The City cannot claim that the deed carried to the pier head line of 1890, as that point is not before the Court under the pleadings. Under the law of New York the conveyance to " the New York Bay " terminated at high water mark and such construction is corroborated by the map attached to the deed.

MR. JUSTICE McREYNOLDS delivered the opinion of the Court.

Relying upon the Lever Act—40 Stat. 276, 279—the United States took possession of certain land along New York Bay, April 6, 1918, and, as surviving trustee under the will of Langley, defendant in error Benedict instituted this proceeding to recover its value. The tract had been platted into blocks and trustees holding the title had undertaken to convey to New York City the beds of 61st, 62nd and 63rd streets from designated avenues " to the New York Bay," as laid down on the Commissioners' map. The City was made defendant to the amended complaint because of possible interest arising out of this conveyance. No right of recovery against it was suggested. It answered rather vaguely, but claimed title to " the lands included within the limits of 61st Street, 62nd Street and 63rd Street from the westerly side of First Avenue to the New York Bay," and stated that " the

area of said streets is 81,120 square feet." It asked that the complaint be dismissed. Later it moved, without success, to amend the answer and set up ownership to the beds of 61st, 62nd and 63rd streets to the pierhead line.

The cause was tried by the court without a jury. The United States stipulated that defendant in error had good title to all the tract, upland and submerged, except such as lay within 61st, 62nd and 63rd streets to high water mark. Among the findings of fact which the City proposed is this—

" That on April 25, 1899, the said trustees duly executed and delivered to John Whalen, the then corporation counsel of the city of New York, a deed granting and conveying to the city of New York the fee, impressed with a trust for street purposes, of the lands included within the limits of 61st Street, 62nd Street and 63rd Street from the westerly side of First Avenue to the New York Bay."

Judgment went against the United States for a sum equal to two dollars per square foot of the whole area, with interest, less cash originally paid. The trial court held the trustees' deed to the streets invalid, but if valid that the recovery nevertheless should be for the same amount as streets were essential to enjoyment of the property. 271 Fed. 714.

Writs of error from the Circuit Court of Appeals were sued out by both defendants. The City assigned as error—among others—the trial court's refusal to dismiss the complaint. By opinion dated January 18, 1922—280 Fed. 76—the court ruled that the City had good title to the streets, that the judgment of the District Court was erroneous and a new trial would be awarded unless out of the recovery defendant in error should assign to it $162,240—two dollars per square foot for the platted streets up to New York Bay, 81,120 square feet as stated

by the answer. January 28th the trustees so assigned $162,240, with interest from April 6, 1918, and on January 31st the contested judgment was formally affirmed.

In the Circuit Court of Appeals the City entered no objection to the arrangement suggested by the opinion. Its counsel here claim that " the judgment should be modified by requiring defendant in error to assign to the City of New York an additional portion of the judgment recovered against the United States, representing the compensation, with interest, awarded for the portions of the streets between the high water line and the pierhead line, to wit, the sum of $589,731.82."

The situation is a peculiar one. The City asked, not for recovery, but to be dismissed. Of its own motion and off the record, the court proposed a method of settlement which the trustee adopted in preference to reversal. These unusual circumstances required the City to act promptly if it did not approve. After nearly three months it took a writ of error and now seeks to reverse the judgment because a greater sum was not awarded. We think it may not deny voluntary acceptance of the assignment and full assent to the arrangement which defendant in error carried out with the obvious purpose of ending the controversy between them. It cannot hold what it accepted and demand more. The final judgment must be treated as though entered upon its express consent; and its writ of error is accordingly dismissed.

The United States object to the judgment because interest was allowed from date of the taking. This point has been discussed and determined in *Seaboard Air Line Ry. Co.* v. *United States,* decided today, *post,* 299, and needs no further elaboration. As to the United States, the judgment below is

*Affirmed.*