92

Norman M. Littell, Asst. Atty. Gen., Frank P. Keenan, Sp. Asst. to the Atty.

94 more which is apparently contained in its "Accrued interest receivable" item.

Gen., and Vernon L. Wilkinson, Atty., Department of Justice, of Washington, D. C., for appellant.

No appearances were entered for the appellees.

Before WILBUR, MATHEWS, and STEPHENS, Circuit Judges

MATHEWS, Circuit Judge.

This was a proceeding by appellant, the United States, under §§ 257 and 258 of Title 40 USCA,[1] for the condemnation of 62 tracts of land in Jefferson County, Washington. On June 5, 1942, there was a jury trial to determine what would be just compensation for 58 of the 62 tracts. That trial resulted in verdicts—rendered June 5, 1942—to the effect that just compensation for those tracts would be $311.-99. On July 28, 1942, there was a jury trial to determine what would be just compensation for the other four tracts. That trial resulted in verdicts—rendered July 28, 1942—to the effect that just compensation for those tracts would be $25. Thereupon, on July 15, 1943, the trial court entered judgment to the effect that, upon payment of the sum of $311.99, with 6% interest from June 5, 1942, and the sum of $25, with 6% interest from July 28, 1942, title to the 62 tracts should vest in appellant. From that part of the judgment which allowed interest from the dates on which the verdicts were rendered—June 5, 1942, and July 28, 1942—this appeal is prosecuted.

For the taking of private property, by condemnation or otherwise, appellant is required to pay just compensation.[2] Just compensation is the value of the property taken at the time of the taking.[3] If the taking precedes the payment of compensation, the owner is entitled to such addition to the value at the time of the taking as will produce the full equivalent of such value paid contemporaneously.[4] Interest at a proper rate is a good measure of the amount to be added.[5] Such interest is allowable from the time of the taking,[6] and is not allowable for any period prior to the taking.[7]

Appellant did not take any of the above mentioned tracts of land on or before either of the dates on which verdicts were rendered in this proceeding. Whether it ever took any of the tracts we do not know.[8] If it did, it did so long after the verdicts. The court erred, therefore, in allowing interest from the dates on which the verdicts were rendered.[9]

---

[1] Section 257 provides: "In every case in which the Secretary of the Treasury or any other officer of the Government has been or shall be authorized to procure real estate for the erection of a public building or for other public uses he shall be authorized to acquire the same for the United States by condemnation, under judicial process, whenever in his opinion it is necessary or advantageous to the Government to do so. And the United States district courts of the district wherein such real estate is located, shall have jurisdiction of proceedings for such condemnation, and it shall be the duty of the Attorney General of the United States, upon every application of the Secretary of the Treasury, under this section and section 258 of this title, or such other officer, to cause proceedings to be commenced for condemnation, within thirty days from the receipt of the application at the Department of Justice." Section 258 provides: "The practice, pleadings, forms and modes of proceedings in causes arising under the provisions of section 257 of this title shall conform, as near as may be, to the practice, pleadings, forms and proceedings existing at the time in like causes in the courts of record of the State within which such district court is held, any rule of the court to the contrary notwithstanding."

[2] U.S.C.A.Const. Amend. 5.

[3] Brooks-Scanlon Corp. v. United States, 265 U.S. 106, 123, 44 S.Ct. 471, 68 L.Ed. 934. See, also, United States v. Rogers, 255 U.S. 163, 169, 41 S.Ct. 281, 65 L.Ed. 566; United States v. Benedict, 261 U.S. 294, 298, 43 S.Ct. 357, 67 L.Ed. 662; Seaboard Air Line R. Co. v. United States, 261 U.S. 299, 305, 306, 43 S.Ct. 354, 67 L.Ed. 664; Brown v. United States, 263 U.S. 78, 84–88, 44 S.Ct. 92, 68 L.Ed. 171; Liggett & Myers Tobacco Co. v. United States, 274 U.S. 215, 218–220, 47 S.Ct. 581, 71 L.Ed. 1006; Phelps v. United States, 274 U.S. 341, 343–344, 47 S.Ct. 611, 71 L.Ed. 1083; Jacobs v. United States, 290 U.S. 13, 16–18, 54 S.Ct. 26, 78 L.Ed. 142, 96 A.L.R. 1; Danforth v. United States, 308 U.S. 271, 283–286, 60 S.Ct. 231, 84 L.Ed. 240.

[4] See cases cited in footnote 3.

[5] See cases cited in footnote 3.

[6] See cases cited in footnote 3.

[7] Danforth v. United States, supra.

[8] The record shows no taking whatever.

[9] Danforth v. United States, supra.

In allowing such interest, the court, in this proceeding, followed Washington decisions,[10] apparently believing it was required to do so by § 258 of Title 40.[11] That belief was unwarranted, for § 258 applies to procedural matters only.[12] It does not apply to the matter of interest.[13]

That part of the judgment which allowed interest from the dates on which the verdicts were rendered is reversed.

---

[10] North Coast R. Co. v. Aumiller, 61 Wash. 271, 112 P. 384; State v. Hoquiam, 155 Wash. 678, 286 P. 286, 287 P. 670.

[11] See footnote 1.

[12] United States v. Miller, 317 U.S. 369, 379, 380, 63 S.Ct. 276, 87 L.Ed. 336.

[13] Brown v. United States, supra; United States v. Certain Lands, 2 Cir., 129 F.2d 577, 579. See, also, United States v. Rogers, supra; Seaboard Air Line R. Co. v. United States, supra; Danforth v. United States, supra.