JEFFERSON COUNTY, TENN., v. TENNES-
SEE VALLEY AUTHORITY.

No. 9840.

Circuit Court of Appeals, Sixth Circuit.

Jan. 15, 1945.

M. W. Egerton, of Knoxville, Tenn.
(M. W. Egerton, of Knoxville, Tenn., J.
D. Hale, of Jefferson City, Tenn., H. F.
Swann, of Dandridge, Tenn., and Joseph
A. McAfee, of Knoxville, Tenn., on the
brief), for appellant.

William C. Fitts, Jr., of Knoxville,
Tenn. (William C. Fitts, Jr., Thomas J.
Griffin, and Charles J. McCarthy, all of
Knoxville, Tenn., on the brief), for appel-
lee.

Before ALLEN, HAMILTON, and Mc-
ALLISTER, Circuit Judges.

HAMILTON, Circuit Judge.

Appellant is a civil division of the State
of Tennessee and as a part of its govern-
mental function, constructs and maintains a
system of roads and highways. The French
Broad River flows through the county.

Appellee, Tennessee Valley Authority, is
a corporation created by the laws of the
United States vested with the power of
eminent domain and authorized to main-
tain and construct dams in the streams of
the State of Tennessee. Pursuant to the
authority vested in appellee, it constructed
a dam impounding the waters of the French
Broad River in the territory of appellant.
The impounding of the waters so changed
the landscape and so altered the physical
geography of appellant as to obliterate nine-
ty-five miles of improved public highways.

Pursuant to a written agreement between
the parties, a survey of appellant's entire
road system was made for the purpose of

ascertaining what part of it would be destroyed by the changed water level of the river and also to ascertain highway needs of the country after the construction of the dam and the parties agreed to the relocation and construction of such highways at the expense of appellee, which agreement was performed.

This action was instituted by appellant to secure a declaratory judgment as to its rights, if any, to compensation under the Fifth Amendment for flooded highways due to the impounding of the waters of the French Broad River, which highways appellant was no longer under a governmental obligation to maintain and which were not relocated or reconstructed. These roads had an alleged replacement cost of $357,658.00 and appellant claims that under the Fifth Amendment it is entitled to a judgment against appellee in that sum.

Appellee filed an answer admitting the flooding of the highways in question and averring that the measure of just compensation under the Fifth Amendment to a county or other political subdivision where roads or highways are taken is the cost of furnishing equivalent substituted roads and highways capable of discharging the governmental function with the same degree of efficiency as the roads and highways taken. Appellee further answered that at its own cost, it had constructed a new highway system for the appellant adequate to meet its transportation needs.

Both parties filed motions for a summary judgment based on the pleadings and supporting affidavits. The trial court sustained appellee's motion and dismissed appellant's petition from which order this appeal is prosecuted.

The question presented is whether the obligation of the United States under the Constitution to pay just compensation when it dispossesses a state, county, city or town of the control and use of highways and appropriates the lands on which such roads are located to the government's benefit or the benefit of any of its corporations or grantees is satisfied when adequate substitute road facilities are provided at the cost of the United States.

■ The State or its political subdivision, holds, as a trustee, title to the easement for public highways and roads. A quasi corporation such as a city or county, holds such property by delegation of the general sovereign power, the authority for its acquisition and control being governmental and the interest exclusively that of the public. Looking at the title from any viewpoint, highway easements are totally unlike property of a private corporation held for its own benefit and used for its private gain or advantage. The political subdivision cannot deal in its roads and highways as a private corporation and thus when such property is taken by the power of the Federal Government, just compensation cannot be measured by the same standards as compensation for the taking of purely private property.

■ Those who use the highways of the county have no proprietary interest in them. The county is responsible for their construction, maintenance, preservation and protection and has such a proprietary interest in them that it can maintain an action for their destruction or damage. It is settled law that the taking by the Federal Government of a city street or highway is within the protection of the Fifth Amendment with respect to just compensation. Town of Bedford v. United States, 1 Cir., 23 F.2d 453, 56 A.L.R. 360; United States v. Wheeler Township, 8 Cir., 66 F.2d 977; Wayne County, Ky. v. United States, 53 Ct.Cl. 417, affirmed per curiam, 252 U.S. 574, 40 S.Ct. 394, 64 L.Ed. 723; Town of Nahant v. United States, 1 Cir., 136 F. 273, 69 L.R.A. 723.

■ Appellant insists that the true measure of "just compensation" for the taking of such property is the cost of restoring the property to the same condition after the taking as it was before. This contention is untenable as the roads in question here cannot be replaced. The practicable view is to consider the road and highway needs of the civil division affected by the taking and to allow the governmental unit such sum in damages as will pay the cost of road facilities equal in utility to those destroyed. Appellant did not have title to property susceptible to the ascertainment of fair cash value. In fact, viewing the county as an entity separate from its inhabitants, the construction and maintenance of highways was a burden, although a necessary one. As an incident to the raising of the water level of the river, appellant was relieved of the burden of maintenance and construction of the portion of its roads flooded. The constitutional phrase "just compensation" means a full and perfect equivalent for the property

taken. Monongahela Navigation Co. v. United States, 148 U.S. 312, 326, 13 S.Ct. 622, 37 L.Ed. 463. Just compensation rests on equitable principles and means substantially that the owner should be put in as good position as he would have been if his property had not been taken or as nearly so as is possible under the given circumstances. United States v. Wheeler Township, supra.

As we view it, under the facts in the record, all that appellant was entitled to as damages for the taking of the land on which its highways were built, was the entire cost of restoring to its citizens an adequate highway system after the construction of the dam. Since the record shows that appellee at its own expense, has completely restored the highway facilities of the county destroyed on account of the construction of the dam, appellant is entitled to take nothing by these proceedings. Judgment affirmed.