UNITED STATES v. DES MOINES COUNTY, IOWA, et al.

No. 12962.

Circuit Court of Appeals, Eighth Circuit.

April 24, 1945.

Rehearing Denied May 23, 1945.

Vernon L. Wilkinson, of Washington, D. C., Atty., Department of Justice (J. Edward Williams, Acting Head, Lands Division, Department of Justice, of Washington, D. C., Daniel F. Steck, Sp. Asst. to Atty. Gen., and Kelsey M. Mott, of Washington, D. C., Atty., Department of Justice, on the brief), for appellant.

J. A. Dailey, Jr., of Burlington, Iowa, and John Hale, Sp. Asst. Atty. Gen., of Iowa (B. C. Conn and J. C. Pryor, both of Burlington, on the brief), for appellees.

Before SANBORN, WOODROUGH, and RIDDICK, Circuit Judges.

SANBORN, Circuit Judge.

The question for decision is whether the United States, in condemning, for military purposes, public roads within the area of the Iowa Ordnance Plant, in Des Moines County, Iowa, is obliged to pay the appellees as just compensation (1) the value of the roads taken, or (2) the cost of providing necessary substitute roads, or (3) nominal damages.

The District Court, after the trial of the issue of just compensation or damages in this proceeding to condemn the roads, found as a fact: "That the full, fair, reasonable and actual value of the roads and highways * * * on the 1st day of March, 1941 [the date of taking], was the sum of One Hundred Seventy-five Thousand ($175,000) Dollars, which I find and award as just compensation for the taking of said roads and highways, with the bridges, culverts and improvements thereon." This award with interest resulted in a judgment for $208,687.50 against the United States. It has appealed.

The amount allowed the appellees by the District Court as just compensation for the taking of the roads in suit is not shown by the evidence to have any relation to any financial loss or out-of-pocket expense caused or which will be caused, by the taking. The amount apparently reflects the replacement value of reproduction cost of the roads taken, with interest added. If it is unnecessary to replace the roads or to provide substitutes for them, the appellees have suffered no money loss and have been relieved of the burden of maintaining the roads taken. If it is necessary for the appellees to provide substitute roads in order to readjust their system of highways, they are entitled to the cost of constructing the necessary substitute roads, whether that be more or less than the value of the roads taken. This cost will give to the appellees the actual money loss which will be occasioned by the condemnation, and is the proper measure of damages for the taking. United States v. Wheeler Township, 8 Cir., 66 F.2d 977, 984, 985; Jefferson County, Tenn. v. Tennessee Valley Authority, 6 Cir., 146 F.2d 564, 566, certiorari denied April 9, 1945, 323 U.S. ——, 65 S.Ct. 1016; Mayor and City Council of Baltimore v. United States, 1945, 4 Cir., 147 F.2d 786. In fairness to the trial judge, it should be said that the two cases last cited were decided after the entry of the judgment appealed from.

The United States contends that the appellees can in no event recover more than nominal damages, because the statutes of Iowa do not impose upon the appellees an enforceable duty to furnish substitute roads. We do not agree. Nothing can be gained by a discussion of the statutes of Iowa relating to roads. If the taking by the United States of the roads in suit necessitates the building or improvement of other roads, they will have to be built or improved by the appellees out of state funds unless the United States pays the expense. We have no doubt of the existence of the duty of the appellees to provide for a necessary readjustment of their road system. Whether the duty is express or implied or one which arises from necessity, we regard as of no legal consequence.

The appellees contend that the error complained of by the United States **was**

induced by it and may not be used in this Court as a ground for reversal. The error is too plain and vital to be ignored for procedural reasons where the public interest is involved. See Helvering v. Rubinstein, 8 Cir., 124 F.2d 969, 972, and cases cited.

The judgment appealed from is reversed. The case is remanded to the District Court with directions to take such further proceedings as are necessary in order to ascertain, and to award to the appellees (or to whichever of them is entitled thereto), the cost of providing the substitute roads, if any, which are needed to replace the roads taken by the United States in this proceeding.