## UNITED STATES v. 25.4 ACRES OF LAND IN BOROUGH OF BROOKLYN, KINGS COUNTY, et al.

### Miscellaneous No. 586.

District Court, E. D. New York.

July 9, 1945.

Harry T. Dolan, Sp. Asst. to U. S. Atty. Gen. (Sidney L. Segall, Atty., Dept. of Justice, of Washington, D. C., of counsel), for petitioner-plaintiff.

Ignatius M. Wilkinson, Corp. Counsel, of New York City (Julius Isaacs and Alfred D. Jahr, both of New York City, of counsel), for City of New York.

BYERS, District Judge.

These are a motion and a cross-motion by the United States as Petitioner and the City of New York, in reference to the report of the Commissioners in Condemnation filed April 12, 1945, respecting damage parcels 1, 5, 5–A, 9, 10, 22–A, 23, and 25.

As to parcel 1, it is understood that, upon the argument, the City withdrew its opposition to confirmation and joined in the motion made to confirm by the Government. If that understanding is correct, so much of the motion is granted.

As to parcels 5, 10, and 25, which involve claims for relocation as to an electric power line, and rerouting as to street cars, rendered necessary by the Government's acquisition of a portion of Washington Avenue, the City favors confirmation of the awards, and the Petitioner asserts that it has not had an opportunity to present evidence in opposition to that offered by the City, as the result of a misunderstanding, and now desires that the matter be remitted to the Commission for that purpose. It is not the Court's understanding that such an application was made to the Commissioners and refused by them, that they assumed, in formulating their report, that they were justified in believing that no such opposing evidence was likely to be submitted by the Government.

That the Petitioner should be accorded the chance to present evidence upon a subject which has eventuated into an award of $690,000.00 in round figures to the City seems too clear for labored discussion.

As to parcels 5, 5–A, 9, 10, 22–A, 23, and 25, which involve public streets, a bridge structure, and land under water owned by the City, but subject to easements of navigation, the question is carefully presented in the report and argued pro and con in these motions, as to whether there can be an award to the City for more than nominal damages. The Commission is persuaded in the negative.

In reference to parcel 10 (as to the bridge) an award has been made for the scrap value of the bridge, which the City moves to set aside, and the Petitioner does not oppose.

The City's motion to set aside the nominal awards, on the theory that something of actual value to the Municipality has been taken, is actively opposed. In that connection the Court understands the trend of

the oral argument to be that in any case the City should be permitted to present to the Commission an alternative theory of damage; namely, that it should now be allowed to show, if it can, that it has incurred demonstrable items of cost in providing substitute streets rendered necessary by the taking of Washington Avenue, Taylor Street and Hewes Street. Cf. United States v. Des Moines County, 8 Cir., 148 F.2d 448.

There seems to be no good reason why the City should not have two strings to its bow, but how the new theory can avail in connection with parcels 10 and 22–A is not made to appear; as to the streets, it is thought that, in all fairness, the City should be given an opportunity to present its latest theory, even at the eleventh hour.

Since the proceeding must go back to the Commission for the taking of further testimony in the two respects indicated, decision of the motions to confirm, except with respect to parcel 1; will be reserved, pending the coming in of the supplemental report hereby rendered necessary. It is not intended that the proceeding be reopened generally, but that the further hearings as to matters herein discussed be confined to the particular issues as to which the Petitioner and the City desire to offer testimony, and to present their arguments in full to the Commission.

The supplemental report will set forth the conclusion of the Commission as to whether there should be a revision of any or all of the said awards heretofore made.

Settle order.