### STATE OF CALIFORNIA v. UNITED STATES et al.
#### No. 10944.

Circuit Court of Appeals, Ninth Circuit.

Jan. 30, 1946.

Robert W. Kenny, Atty. Gen. of California, and Harold B. Hass, Deputy Atty. Gen., for appellant.

J. Edward Williams, Acting Head, Lands Division, Roger P. Marquis and Kelsey Martin Mott, Attys. Department of Justice, all of Washington, D. C., M. Mitchell Bourquin, Sp. Asst. to the Atty. Gen., and Tom Martin, Atty., Department of Justice, of San Francisco, Cal., for the United States.

Before GARRECHT, MATHEWS, and BONE, Circuit Judges.

BONE, Circuit Judge.

This is an appeal from the judgment of the District Court in a valuation proceeding to determine the amount to be awarded appellee, Hutchinson. He was the owner of a certain small parcel of land, which was part of a larger tract held by many owners and previously acquired by appellee, United States, by condemnation. In April, 1942, appellee, United States of America, instituted this condemnation proceeding to acquire this larger tract consisting of 230.5 acres of land located on and near the waterfront in the harbor of the City and County of San Francisco, Cal. The condemnation complaint named a large number of individual defendants who owned some 270 separate parcels of land embraced within the 230.5-acre tract described in the complaint. This large tract was described by a perimeter description and the individually-owned tracts of land (including that of Hutchinson) lying within this 230.5 area, were not separately described.

A declaration of taking was filed on April 22, 1942, and on the same day a judgment was entered thereon decreeing that title to the entire 230.5-acre tract vested in the United States.

The particular parcel of land owned by appellee, Hutchinson, which is the subject of this appeal, was designated in the condemnation proceedings as "Parcel 259" but it will be referred to herein as "Block 708", since under this designation and descriptive title it is shown on a certain map (hereafter referred to as the Map) prepared and adopted in 1869 by the State Board of Tide Land Commissioners of the State of California. This Map was used as an exhibit in the trial below and relied on by the parties to identify the property in question.

In the complaint in the condemnation action, the State of California (hereafter called State) was named as one of the defendants, and it was asserted therein that the State had or claimed some interest in the 230.5-acre tract. The nature and/or extent of such interest was not described. In its answer to the complaint, the State (among other matters) asserted a claim of ownership in certain of the street areas shown on the Map and lying within the boundaries of the said 230.5-acre tract, and demanded compensation therefor from the United States.

Hutchinson secured a judicial determination of the value of his Block 708 on the valuation hearing below and he was awarded $2550, to which award he offers no objection. The State appeared in the Hutchinson valuation hearing and was there permitted to assert a fee simple ownership in the street areas abutting upon and surrounding Block 708. (Hutchinson had previously claimed ownership therein to the center line of the streets.) At this hearing it demanded that the court not only determine the value of the Hutchinson tract, but also determine the value of the said street area so claimed by the State and award compensation to the State therefor.

So far as the record discloses, the State had not previously sought or obtained a valuation hearing upon which a judicial determination of the value of (and an award for) its claimed right or interest in the street areas in the said 230.5-acre tract could be had.[1]

It was error to permit the State to intrude into the Hutchinson valuation proceeding a claim which obviously represented only a minor part of its total claim. Its claim for compensation for street areas (Note 1) and other property within the boundaries of the 230.5-acre tract is indivisible to the extent that it should be asserted as one claim and not split into fractional demands which it may have judicially determined by the piecemeal method here

---

[1] That these street areas were extensive is evident from the claim of counsel for the State (made in the hearing below) that they comprised a total of 50 acres. Block 708 contained 65,508 square feet. The street areas surrounding this Block, to the center line of the streets, contained 55,978 square feet. An acre contains 43,560 square feet.

employed. Such a procedure, if judicially sanctioned, might even (as is here demonstrated) result in 270 separate valuation hearings, each confined by the State to its claim for compensation for an "interest" in street areas abutting only upon each of these 270 individual tracts of land lying within the 230.5-acre tract acquired by the judgment in the condemnation action. Respect for orderly procedure impels a contrary view of such a situation. If the claim of the State for compensation for the value of its "interest" in street areas (with other claims of property interest) is to be judicially determined, it should be presented and disposed of as one claim in a valuation hearing held for the purpose of establishing such value and making an award therefor. Such a judicial procedure may be invoked on demand. All of the issues presented by the State in the (Hutchinson) hearing below could and would be fully settled and determined in such a hearing and the rights to compensation for the claimed interest of the State, amply protected.

We do not here decide what right, title or interest, if any, the State may have or possess in any of the street areas in the said 230.5-acre tract, nor do we decide what title thereto the United States may possess or may have acquired by virtue of said condemnation proceedings.[2]

These views call for a modification[3] of the judgment, findings and conclusions of the lower court in this case as follows:

Finding of fact VI, reading as follows: "That any interest or title that the State of California retained in the streets surrounding and adjacent to said Parcel 259, and known as Waterfront Street, 13th Avenue, 14th Avenue and Tevis Street, was retained only for the purpose of permitting access to the lots sold, and the State of California has no right to compensation for its hypothetical right to maintain an easement for the benefit of the public to and from said lots sold by it." is ordered stricken from the findings of fact. Con-

clusion of law IV, reading as follows: "That the State of California is not entitled to receive any sum whatsoever." is ordered stricken from the conclusions of law.

Paragraph VI in the judgment of the Court which reads as follows: "That the state of California receive no sum whatsoever." is stricken from the judgment of the Court.

The judgment, as so modified, is affirmed.

---

[2] Cf. United States v. Des Moines Co., 8 Cir., 148 F.2d 448.

[3] Both the State and the United States see confusion in the record and both seek modification of the language employed by the trial court in framing his findings of fact, conclusions of law and the judgment herein. The modifications suggested directly affect the question of ownership of and right to compensation for the street areas abutting upon Block 708 which areas are claimed by both the State and Hutchinson. This question should be determined, so far as the claim of the State is concerned, in the manner here indicated. The lower court, in an opinion, indicated that he was not deciding this issue and the findings, conclusions and judgment conform to this view of the court.