## UNITED STATES v. LOS ANGELES COUNTY, CAL.

## LOS ANGELES COUNTY, CAL., v. UNITED STATES.

### No. 10702.

Circuit Court of Appeals, Ninth Circuit.
Aug. 15, 1947.

A. Devitt Vanech, Asst. Atty. Gen., James M. Carter, U. S. Atty., of Los Angeles, Cal., Irl D. Brett, Sp. Asst. to Atty. Gen., Robert P. Marquis, and S. Billingsley Hill, U. S. Attys., Dept. Just., both of Washington, D. C., for appellant.

Harold W. Kennedy, County Counsel, and Gerald G. Kelly, Deputy County Counsel, County of Los Angeles, both of Los Angeles, Cal., for Los Angeles County.

Before MATHEWS, BONE and ORR, Circuit Judges.

MATHEWS, Circuit Judge.

On September 24, 1941, the United States, hereafter called the Government, commenced a proceeding for the condemnation of a tract of land, consisting of parcels A and B, in Los Angeles County, California, and filed in the proceeding a declaration of taking, signed by the authority empowered by law to acquire the tract, namely, the Secretary of the Navy, declaring that the tract was thereby taken for the use of the Government. [1] Parcel A was owned by Susanna Bixby Bryant. Parcel B was owned by Fred H. Bixby Company. The tract was crossed by a public road, called

---

[1] See 40 U.S.C.A. § 258a.

the Anaheim Road, for which the County owned an easement of right of way. Other easements in the tract were owned by Southern California Telephone Company and Associated Telephone Company.

On March 11, 1943, a judgment was entered awarding compensation as follows: To Fred H. Bixby Company, for parcel B, $284,219; to the County, for its easement, $16,282; to Southern California Telephone Company, for its easement, $5,653.69; to Associated Telephone Company, for its easement, $773.60. From so much of the judgment as relates to the County the Government and the County have appealed.[2]

■ The $16,282 awarded to the County was awarded as being the market value of the County's easement. That easement had, and could have had, no market value. Instead of awarding the supposed market value thereof to the County, the court should have ascertained, and should have awarded to the County, the cost of providing a substitute road to replace that part of the Anaheim Road which was on the above mentioned tract of land and was taken by the Government as part of that tract.[3]

■ The court found that there was "no public necessity * * * requiring the relocation of any portion of the Anaheim Road because of the taking of the portion taken and closed in this proceeding," thus, in effect, finding that a substitute road was unnecessary. The finding is clearly erroneous. The evidence shows that a substitute road was necessary. The County had authority to provide such a road. Whether it could have been compelled to do so is immaterial.[4]

■ We do not, of course, hold that the Government should pay the cost of replacing the whole of the Anaheim Road with a new road or roads. The Government took only a part of the Anaheim Road—the part which was on the tract of land taken—and should pay the cost of replacing that part, and no more. Severance damages should not be awarded.[5]

The judgment, so far as it relates to the County, is reversed, and the case is remanded for further proceedings in conformity with this opinion.

---

[2] A motion for a new trial was filed by the Government on March 20, 1943, and was denied on May 27, 1943. The County's appeal was taken on May 31, 1943. The Government's appeal was taken on August 24, 1943. Four extensions of the time for filing the record on appeal were granted. The record was filed on March 9, 1944. A printed transcript thereof was filed on February 26, 1947. The County's opening brief was filed on March 19, 1947, its closing brief on May 2, 1947. The Government's brief was filed on April 21, 1947. The case was argued and submitted to us on June 19, 1947.

[3] United States v. Des Moines County, 8 Cir., 148 F.2d 448, 160 A.L.R. 953. See, also, Jefferson County, Tenn., v. Tennessee Valley Authority, 6 Cir., 146 F.2d 564; City of Baltimore v. United States, 4 Cir., 147 F.2d 786; Woodville, Okl., v. United States, 10 Cir., 152 F.2d 735.

[4] United States v. Des Moines County, supra.

[5] See cases cited in footnote 3.