**CITY AND COUNTY OF HONOLULU
v. UNITED STATES.**

No. 12376.

United States Court of Appeals
Ninth Circuit.

April 13, 1951.

Wilford D. Godbold, City and County Atty. of Honolulu, Frank A. McKinley, Deputy City and County Atty., Honolulu, T. H., for appellant.

A. Devitt Vanech, Asst. Atty. Gen., Harry T. Dolan, Sp. Asst. to Atty. Gen., Fred K. Deuel, Sp. Atty. Dept. of Justice, Honolulu, T. H., Roger P. Marquis, Elizabeth Dudley, Attorneys, Dept. of Justice, Washington, D. C., for appellee.

Before MATHEWS, STEPHENS and POPE, Circuit Judges.

MATHEWS, Circuit Judge.

This appeal is from a judgment awarding to appellant (the City and County of Honolulu) [1] and the Territory of Hawaii the sum of $1 as just compensation for land condemned and taken by appellee (the United States) in a proceeding instituted for that purpose.

The proceeding was instituted by filing a petition on January 8, 1946.[2] In the petition, appellant and the Territory were named as defendants. The Territory filed an appearance on January 10, 1946, but never filed an answer. Appellant filed an appearance on January 16, 1946, and an answer on June 29, 1946. On March 31, 1947, appellee filed a declaration of taking and deposited in the registry of the court the sum estimated to be just compensation for the condemned land.[3] A stipulation was filed on March 24, 1948. Thereafter a hearing was had, resulting in the judgment here appealed from.

The condemned land consisted of public highways,[4] all of which were on the island of Oahu and hence were within appellant's corporate limits,[5] but were owned by the Territory,[6] not by appellant. However, in and by the stipulation, appellant and the Territory agreed that, for the purposes of this proceeding, appellant should be deemed to be the owner of the condemned highways, and the Territory waived in favor of appellant whatever right the Territory had to compensation therefor. Appellee joined in the stipulation, but only for the purpose of recognizing the agreement between appellant and the Territory. Appellee did not thereby admit that appellant or the Territory was entitled to compensation for the condemned highways.[7]

Obviously, the sum of $1 awarded to appellant and the Territory as compensation for the condemned highways was nominal compensation only. The principal question for our determination is whether more than nominal compensation should have been awarded.

As indicated above, the condemned highways were public highways. They were established as public highways prior to the institution of this proceeding and continued to be public highways until taken by appellee on March 31, 1947. If they had not been taken by appellee, they would have continued to be public highways until abandoned.[8] Consequently,

1. Section 6501 of the Revised Laws of Hawaii 1945, provides: "All of that portion of the Territory [of Hawaii] commonly known as the island of Oahu and all other islands in the Territory not included in any county and the waters adjacent thereto, shall be and is constituted a city and county by the name of "The City and County of Honolulu,' with its seat at Honolulu; and the words 'city and county' shall mean 'the city and county of Honolulu.'" Section 6503 of the Revised Laws of Hawaii 1945, provides: "The city and county is created a municipal corporation under the name of 'The City and County of Honolulu,' * * *."

2. The petition was amended on May 31, 1946, and March 27, 1947.

3. The sum so deposited included $1 for appellant and $1 for the Territory.

4. In the petition, the condemned highways were called streets, roads and highways. In the declaration of taking, they were called roads. In the stipulation, they were called roads, streets and highways. In the judgment, they were called streets and highways.

5. See footnote 1.

6. Section 6112 of the Revised Laws of Hawaii 1945, provides: "The ownership of all public highways and the land, real estate and property of the same shall be in the government [of the Territory] in fee simple."

7. The final paragraph of the stipulation was as follows: "It is understood that in joining in this stipulation [appellee] is neither admitting any liability herein nor is it acknowledging or denying title in or to the [condemned highways] and improvements thereon but is joining herein for the sole purpose of recognizing the agreement between [appellant and the Territory] regarding their respective interests therein."

8. Section 6111 of the Revised Laws of Hawaii 1945, provides: "All public highways once established shall continue until abandoned by due process of law."

they could not have been sold unless and until they were abandoned. Being owned by the Territory in fee simple,[9] they could have been sold by the Territory if they had been abandoned and had not been taken by appellee.[10] However, they were not abandoned, and nothing in the record shows or tends to show that they would have been abandoned if they had not been taken. The probability of such abandonment, if any such probability existed, was too remote to be considered in determining the question of compensation.[11]

■ If it had been necessary to provide substitute highways to replace those taken by appellee, the Territory might have been entitled to compensation in a sum equal to the cost of providing such substitute highways.[12] However, it was and is conceded that it was not necessary to provide any substitute highway or highways. Therefore the Territory was not entitled to more than nominal compensation;[13] and this is true despite the fact that the condemned highways were owned by the Territory in fee simple.[14]

But for the stipulation, appellant would not have been entitled to any compensation, for, as stated above, the condemned highways were owned by the Territory, not by appellant. Under the stipulation, appellant was not entitled to more compensation than the Territory would have been entitled to had there been no stipulation, which is to say, appellant was not entitled to more than nominal compensation.

By the judgment here appealed from, the District Court awarded nominal compensation to appellant. It also awarded nominal compensation to the Territory. Whether, in view of the stipulation, the Territory was entitled to this award we need not and do not decide, no such question having been raised.[15]

■ On July 1, 1946, appellant filed a demand for a jury trial. The hearing—on July 11, 1949—was before the court, without a jury. Appellant here contends that a jury should have been empaneled. We do not agree. It is true that, if issues of fact had been presented for determination at the hearing, appellant would have been entitled to a jury trial.[16] Actually, however, no issue of fact was presented or determined at the hearing. The question there presented and determined was one of law, namely, whether, upon the undisputed facts, appellant was entitled to more than nominal compensation. It follows that a jury trial was not required.[17]

■ Appellant argues that the failure to empanel a jury was a denial of a right secured to appellant by the Seventh

9. See footnote 6.

10. Section 4539 of the Revised Laws of Hawaii 1945, provides: "Whenever a public road, street, alley or walk, * * * or any portion thereof, shall at any time be * * * abandoned, or discontinued, the same shall be used for the purposes of the Territory; provided, that in case the same shall be in any way disposed of by the Territory, it shall be first offered to the abutters for a reasonable length of time and at a reasonable price, and if they do not take the same, then it may be sold at public auction."

11. Cf. Chicago, Burlington & Quincy R. R. Co. v. City of Chicago, 166 U.S. 226, 250–251, 17 S.Ct. 581, 41 L.Ed. 979.

12. United States v. Los Angeles County, 9 Cir., 163 F.2d 124; United States v. Des Moines County, 8 Cir., 148 F.2d 448, 160 A.L.R. 953; United States v. State of Arkansas, 8 Cir., 164 F.2d 943.

13. State of California v. United States, 9 Cir., 169 F.2d 914; Jefferson County v. Tennessee Valley Authority, 6 Cir., 146 F.2d 564; Mayor and City Council of Baltimore v. United States, 4 Cir., 147 F.2d 786; Woodville v. United States, 10 Cir., 152 F.2d 735; United States v. City of New York, 2 Cir., 168 F.2d 387.

14. State of California v. United States, supra.

15. No appeal was taken by appellee or by the Territory.

16. United States v. Honolulu Plantation Co., 9 Cir., 122 F. 581.

17. Ex parte Peterson, 253 U.S. 300, 310, 40 S.Ct. 543, 64 L.Ed. 919.

Amendment to the Constitution of the United States. Appellant is mistaken. There is no constitutional right to trial by jury in condemnation proceedings.[18]

Judgment affirmed.

18. Bauman v. Ross, 167 U.S. 548, 593, 17 S.Ct. 966, 42 L.Ed. 270; United States v. Kennesaw Mountain Battlefield Ass'n, 5 Cir., 99 F.2d 830; Welch v. Tennessee Valley Authority, 6 Cir., 108 F.2d 95; United States v. Meyer, 7 Cir., 113 F.2d 387; United States v. 243.22 Acres of Land, 2 Cir., 129 F.2d 678.