**UNITED STATES of America**

v.

**CERTAIN LANDS LOCATED IN THE TOWNSHIPS OF RARITAN AND WOODBRIDGE, MIDDLESEX COUNTY, NEW JERSEY, Raritan Arsenal, Township of Raritan, et al.**

County of Middlesex, a Municipal Corporation of the State of New Jersey, Appellant.

**No. 12143.**

United States Court of Appeals Third Circuit.

Argued April 18, 1957.

Decided July 18, 1957.

John T. Keefe, New Brunswick, N. J. (Samuel V. Convery, Perth Amboy, N. J., on the brief), for appellant, Middlesex County.

S. Billingsley Hill, Washington, D. C., (Perry W. Morton, Asst. Atty. Gen., Chester A. Weidenburner, U. S. Atty., Newark, N. J., on the brief), for appellee.

Before BIGGS, Chief Judge, and GOODRICH and HASTIE, Circuit Judges.

BIGGS, Chief Judge.

In 1941 the defendant-appellant, the County of Middlesex, New Jersey, owned a road, known as the Industrial Highway. Because of World War II the United States expanded the Raritan Arsenal. A section of the Industrial Highway was appropriated by the United States in April 1942 to permit the expansion.[1] The petition in condemnation was not filed until August 1946 and the case did not come to trial and judgment until 1956. The jury awarded the County of Middlesex $172,000 which represented the estimated cost of providing substitute highway facilities as of the date of taking, April 1942.[2] The verdict

1. The exact date of the taking is not clear from the record, although it does appear that it was during the first week of April 1942.

2. Mr. Fleming, an engineer for Middlesex County, estimated the construction costs of a substitute highway based on 1946 figures. He testified that 1942 prices did

recognized the necessity for the construction of a substitute road. The County had not constructed a substitute highway up until the time of the trial. The County sought to amend the judgment to include interest on the verdict at 6% from April 1942 to the date of the judgment. If allowed the interest would total about $150,000 but the court refused to amend the judgment to include it. See 1956, 144 F.Supp. 206. The appeal followed.

The County of Middlesex contends that interest on the sum awarded is required by the Fifth Amendment and by Section 258a, Title 40 U.S.C.A. The United States asserts that the standard for measuring compensation for the taking of a highway, as distinguished from the measure of compensation applied in the taking of other property as well as the meaning of the term "interest" in the context of the Fifth Amendment require us to affirm the adjudication of the court below. We cannot agree with the government's position.

■■■ The right to just compensation for the taking of a county-owned highway by the United States is within the protection of the Fifth Amendment. Jefferson County, Tenn. v. Tennessee Valley Authority, 6 Cir., 146 F.2d 564, 565, certiorari denied, 1945, 324 U.S. 871, 65 S.Ct. 1016, 89 L.Ed. 1425; United States v. Wheeler Township, 8 Cir., 1933, 66 F.2d 977, 982. It is also clear that the measure of "just compensation" for the taking is the cost of constructing a necessary substitute-highway. State of Washington v. United States, 9 Cir., 1954, 214 F.2d 33, 39; State of California v. United States, 9 Cir., 1948, 169 F.2d 914, 924; United States v. City of New York, 2 Cir., 1948, 168 F.2d 387, 389–390. If substitute highway facilities are not necessary, or if the United States has built substitute facilities for the condemnee, no compensation is due since no money loss has been suffered. State

of California v. United States, supra; United States v. City of New York, supra; Jefferson County, Tenn. v. Tennessee Valley Authority, supra. This is because the basis for the determining of just compensation for the appropriation of a county-owned highway is that the county as a political subdivision of the state does not hold the property for its own benefit or private gain but for the public need. United States v. City of New York, supra, 168 F.2d at page 390; Jefferson County, Tenn. v. Tennessee Valley Authority, supra, 146 F.2d at page 565.

While the general law expressed above is universally accepted there is a paucity of authority on the issue as to whether interest is payable on a sum awarded as compensation to cover the cost of providing substitute highway facilities. Perhaps one reason for the lack of authority on the issue is that where substitute roads are necessary they frequently have been furnished in kind by the United States. See Jefferson County, Tenn. v. Tennessee Valley Authority, supra, 146 F.2d at page 566; United States v. City of New York, supra, 168 F.2d at pages 390–391; United States v. State of Arkansas, 8 Cir., 1947, 164 F.2d 943, 944. The cases on which the United States principally relies in support of its position in the instant case have factual situations materially different from those at bar. In United States v. Town of Nahant, 1 Cir., 1907, 153 F. 520, interest was not allowed on an award of compensation, the court pointing out that until the time of trial there was no actual taking. The court went on to state: "As the rule of evidence adopted for ascertaining just compensation permitted the town to show the estimated cost of necessary future expenditures, it would be giving the town more than just compensation to add interest to the estimated future expenditures." Id., 153 F. at page 525.

not vary much from the 1946 figures. Counsel for the government stipulated that a witness he did not intend to call would have testified that the figures given

by Mr. Fleming on construction costs were reasonable. The amount the jury awarded was substantially less than the 1946 figures.

In United States v. 1,433 Acres of Land, etc., D.C.D.Kan.1947, 71 F.Supp. 854, the facts involved a taking of a section of highway by the United States on June 3, 1942. The State Highway Commission of Kansas had constructed a temporary detour at a cost of $10,434 on July 1, 1942. On September 3, 1946 appraisers estimated it would cost $110,001 to repair old roads and to build necessary new ones to care for the public need. It should be noted that the $110,001 estimate went to the cost of providing substitute facilities *as of 1946*. The district court of Kansas in 1947 allowed interest on the amount of $10,434 expended by the Commission as of July 1, 1942, but failed to allow it on the remainder of the sum of $110,001 apparently on the theory that the balance of the amount represented a future expenditure and the payment of interest on it would result in more than just compensation. Id., 71 F.Supp. at page 856. The fact that distinguishes the case at bar from the two cases last cited is that the $172,000 verdict in this case represents the cost of providing substitute highway facilities only as of April 1942, the date of the taking.

The cases that the County of Middlesex cites as allowing interest shed some light on the troublesome issue which confronts us. In Town of Bedford v. United States, 1 Cir., 1927, 23 F.2d 453, 56 A.L.R. 360, the United States took by eminent domain a tract of land which included a section of a road maintained by the Town of Bedford. The court pointed out that the only question presented for its determination was whether the town of Bedford was entitled to compensation in the light of a Massachusetts rule that the Commonwealth itself need not pay compensation for taking land for a public use to a town which previously had devoted the very land taken to another public use. It was stipulated that if Bedford was entitled to recover, the just amount of the payment would be $10,000. The court found the Massachusetts rule inapplicable when the United States is the condemner and awarded $10,000 to Bedford with interest from November 10, 1926, the date of the taking.[3] Id., 23 F.2d at page 457. In United States v. Des Moines County, 8 Cir., 1945, 148 F.2d 448, 160 A.L.R. 953, the trial court had made an award with interest from the date of taking but the Court of Appeals reversed and remanded deciding that the trial court erred in basing the award on the value of the roads taken instead of on the cost of substitute roads, if in fact such roads were necessary. The Court of Appeals said nothing as to the correctness of allowing interest.[4]

United States v. City of New York, 2 Cir., 1951, 186 F.2d 418, was one of a series of cases involving land taken for the expansion of the Brooklyn Navy Yard. It does not appear from the opinion whether the interest which was allowed on an award to the City of New York was for land taken which included streets or highways. Id., 186 F.2d at page 424. Considering the nature and extent of the land taken,[5] it is not unreason-

---

3. In United States v. 1,433 Acres of Land, etc., D.C.D.Kan.1947, 71 F.Supp. 854, 856, the court stated, "In some of the cited cases, interest on the judgments—apparently pro forma, or in any event without discussion—has also been awarded * * *", citing the opinion in the Town of Bedford in its note 5.

4. The court below, 144 F.Supp. at page 215, distinguished the Town of Bedford case and the Des Moines County case by stating, "But it does not appear that the question of whether interest was proper was raised in * * * these cases."

5. The City of New York was the fee owner of the 53¼ acres involved in the taking, 186 F.2d at page 420, and in an earlier proceedings the district court pointed out that the area contained "streets and market ways." United States v. 53¼ Acres of Land, etc., D.C. E.D.N.Y.1948, 82 F.Supp. 538, 540. Where the United States had provided substitute facilities for some roads taken, and there was no necessity to provide substitute facilities for other roads taken, the United States was not required to pay compensation or interest. United States v. City of New York, 2 Cir., 1948, 168 F.2d 387.

able to assume that streets were included in the area.

In a recent decision by the United States District Court for the Eastern District of South Carolina, United States v. 147.7646 Miles of Roads in Aiken, Allendale and Barnwell Counties, South Carolina, etc., 1956, 154 F.Supp. 383, interest was allowed on an award of compensation for the taking of a highway. The court concluded that the decision in United States v. 1,433 Acres of Land, etc., D.C.D.Kan.1947, 71 F.Supp. 854, was "unsound," and went on to state: "The obligation of plaintiff to pay compensation to defendant arose as of the time of taking. For the withholding of money rightfully due defendant, plaintiff is liable to pay damages in the form of interest." The United States has appealed the decision.[6]

 We are persuaded that in the case at bar the Fifth Amendment and the equities require us to allow interest on the compensation awarded the County of Middlesex from the time of taking to the date of the payment. We are convinced that if we do not do so the County of Middlesex would be deprived of just compensation, which, as stated in United States v. Des Moines County, Iowa, 8 Cir., 1945, 148 F.2d 448, 449, 160 A.L.R. 953, should be related to "financial loss or out-of-pocket expense caused or which will be caused, by the taking." If the amount of the award had been paid to the County at the time of the taking there would of course be no problem. But the United States, while acting within its rights, elected to dispute the issue of whether substitute highway facilities were necessary. The jury found such facilities were necessary *as of April 1942.* We take judicial notice of the fact that the costs of building highways have greatly increased over what they were fifteen years ago, and we think it is equitable to take this factor into ac-

count. It is true that the County has been relieved of the burden of maintaining the road since April 1942 but it is also the fact that the County has been without a necessary substitute road for about fifteen years. In addition, an increased burden has been placed on the County's alternate highway facilities since April 1942.

The order denying appellant's motion to amend the judgment to include interest will be vacated and the cause will be remanded for amendment of the judgment and allowance of interest consistent with this opinion.

HASTIE, Circuit Judge, concurs in the result.

6. The only other case which allows interest on an award for the taking of streets is United States v. Benedict, 1923, 261 U.S. 294, 43 S.Ct. 357, 67 L.Ed. 662. A clear understanding of the Benedict case requires an examination of the opinion of the Court of Appeals for the Second Circuit, 1922, 280 F. 76, 78, which indicates that the streets in question were unopened at the time of the taking.