UNITED STATES of America

v.

**14.83 ACRES OF LAND, MORE OR LESS, IN the CITY OF PORTSMOUTH AND the TOWN OF NEWINGTON, ROCKINGHAM COUNTY, STATE OF NEW HAMPSHIRE, and Atlantic Terminal Corporation, et al.**

Civ. A. No. 1113.

United States District Court
D. New Hampshire.

Jan. 23, 1962.

**614**

William H. Craig, Jr., U. S. Atty., Alexander J. Kalinski, Asst. U. S. Atty., Concord, N. H., for plaintiff.

William F. Cann, Asst. Atty. Gen., of New Hampshire, Concord, N. H., for defendant.

CONNOR, District Judge.

The plaintiff, the United States of America, moves that the court enter a preliminary judgment of condemnation establishing just compensation for the taking of a Portion of Newington Road (Route 151) at $330,000, confirming the jury verdict returned on February 7, 1961, and also moves that the court order the United States of America to pay the amount of the verdict without interest into the Registry of the Court.

The State of New Hampshire, defendant, moves that interest be included in the preliminary judgment of condemnation and that the court order the United States of America to pay into the Registry of the Court the amount of the verdict, plus 6% interest computed from the date of the taking on the amount thereof.

The petition in condemnation which instituted this proceeding stated as authority various Acts of Congress approved August 1, 1888 (25 Stat. 357; 40 U.S.C.A. § 257), August 18, 1890 (26 Stat. 316), July 2, 1917 (40 Stat. 241), April 11, 1918 (40 Stat. 518; 50 U.S. C.A. § 171), August 12, 1935 (49 Stat. 610, 611; 10 U.S.C.A. § 1343a, b and c [1]), July 26, 1947 (61 Stat. 495), 50 U.S.C.A. § 401 et seq., September 28, 1951 (Public Law 155—82nd Congress), and November 1, 1951 (Public Law 254—82nd Congress).

It was the contention of the State that the taking of the highway by the government required substitute facilities to be provided and the issue which was submitted to the jury was whether the necessity did in fact exist and, if so, the reasonable cost of such replacement. At trial, the State contended that the cost of such would be in the sum of $369,-875.13. The government's position was that no necessity was created in the taking. A verdict in the amount of the proposed judgment was returned by the jury and the issue posed here is whether interest should be allowed on the award rendered. So far as it appears, this proceeding was not brought under Section 258a of Title 40, U.S.C.A., and there was no taking as is the custom in land privately owned.

1. Now 10 U.S.C.A. § 9773.

There is a paucity of cases on the issue of whether interest should be added to the amount of the award in a highway taking. The case upon which the State relies is United States v. Certain Lands Located in the Townships of Raritan and Woodbridge, Middlesex County, New Jersey, 3 Cir., 246 F.2d 823, where the facts were similar to the instant case. This holding reversed the finding of the district court, 144 F.Supp. 206, which denied an award of interest on the verdict of $172,000, the court being of the view that such would be inequitable "as grossly in excess of just compensation." There, as in this case, the facility had not been built as of the date of the trial. See also United States v. 1,433 Acres of Land, etc., 10 Cir., 71 F.Supp. 854.

The statutes under which this proceeding was instituted make no provision for the payment of interest, and I find no sound reason why there should be an allowance as such. I am disposed to follow the reasoning and the result reached by Judge Wortendyke in the Raritan case, supra, wherein he rejected the inclusion of this item in the judgment. To permit an award of interest on this verdict resulting in a sum approximating $200,000 would be inequitable and unfair. While just compensation is to be awarded for the deprivation of property, be it privately or publicly owned, this claim of interest would be an unwarranted "windfall" and unjust to the government.

The rule of just compensation differs in the taking of a highway from that of the taking of private property. Where property has an inherent value, the liability is fixed at the time of the taking and when an amount is finally awarded, as the value of the property as of the date of taking, interest is by statute allowed from that date to the date of payment as part of the just compensation awarded so that the owner may receive a full equivalent. In the taking of a highway which has no inherent property value as land nor is it income producing, liability does not become fixed but deferred pending determination at trial of the necessity for a substitute facility. No monetary loss is sustained to the community in the taking and it is entitled only to the cost of replacement. Unlike the taking of private property with just compensation (sometimes including interest for pecuniary loss because payment has been deferred), such relates to the value of property in money. The compensation in a highway taking may not be similarly compared. Payment in kind rather than in money upon the theory of replacement is a consideration and alternatively, damages for actual expenditure by way of indemnification may be allowed. See Jefferson County, etc. v. Tennessee Valley Authority, 6 Cir., 146 F.2d 564. If the cost of providing any necessary substitute is not expended at the time demand is made for interest, the allowance of such upon future expenditures would result in something more than just compensation.

I am not convinced, in the absence of statutory authority, that the State is entitled to an award of interest as additional compensation. It is the contention of the government in opposing the award of interest that the cost of construction has decreased since 1942. In the light of what has been said as being the applicable principle, this is a subsidiary question. Nonetheless, the parties were permitted to offer evidence in support and in opposition to this claim. While there was evidence that construction costs had not materially changed, it was the position of the State that the overall cost has increased approximately $11,000 more than what it contended during the trial. However, this sum was computed on an amount that the State at trial alleged was the cost, and when the verdict of the jury is considered as a rejection of the proposed cost, the item of increase, if any, would be uncertain and would not be grounded upon a sound basis.

It has been urged that, because of the difference between the award and the estimated current cost, an arbitrary sum to be denoted as interest (rate unspecified) be adjudicated by the court,

but such would be wholly speculative even if permissible. It is conceivable that economic changes might result in the award of the jury being exceeded and the State found to be out of pocket, but such could not be finally established until the construction had been completed. Just compensation is the criterion and if a loss was incurred, the problem presented is how such could be adjusted by judicial order. I know of no authority which would warrant the court to direct that funds of the United States be ordered paid to satisfy the deficiency. The remedy would appear to be legislative rather than judicial.

Accordingly, the government's motion for preliminary judgment confirming the jury verdict without inclusion of interest is granted and a judgment will be so entered. The motion of the State is denied.