PER CURIAM.
 

 This appeal is from a summary judgment entered by the United States District Court for the District of Massachusetts dismissing appellants’ defamation action against defendant Interstate Computer Services, Inc. (“ICS”). We affirm the dismissal.
 

 Plaintiff Contemporary Mission, Inc. (“Mission”) is a small religious organization, incorporated in Missouri and based in Connecticut, which supports its apostolate in part by periodic mail solicitation. Plaintiff Father O’Reilly is an officer of Mission. His brother, plaintiff William O’Reilly, is Mission’s counsel.
 

 In January 1978 Mission sued ICS and a subsidiary corporation, Bonded Mailings, Inc., in the United States District Court for the Eastern District of New York for breach of a contract related to Mission’s mailing activities. While the suit was pending, Max Houss, ICS’s president and majority stockholder, and Henry Malón, ICS’s counsel, indicated to officials at the Boston regional office of the Internal Revenue Service that they had information that the O’Reilly brothers were siphoning off funds of Mission. The IRS later revoked Mission’s tax exempt status.
 

 When the O’Reillys learned of the statement, they and Mission brought an action for malicious defamation, under diversity jurisdiction, against Malón, Houss and ICS in the United States District Court for the District of Massachusetts. Before the case went to trial, ICS filed a suggestion of bankruptcy, and the bankruptcy court issued an automatic stay of the defamation proceedings against ICS. The case against Malón and Houss continued and was tried to a jury. On December 1, 1982, the jury returned a verdict for the O’Reilly brothers against Malón and Houss, but found for the latter on Mission’s claim for defamation. A money judgment was entered in favor of the O’Reillys against Malón and Houss, and a judgment for Malón and Houss in respect to Mission. Mission’s motion for judgment n.o.v. was denied.
 

 Although the claims against ICS remained outstanding, and the district judge made no determination and direction for the separate entry of judgment under Fed. R.Civ.P. 54(b), Mission appealed to this court from the adverse disposition of its own claim. No one questioned its right to do so at the time, and after argument we affirmed in a full though unpublished opinion.
 
 [1]
 
 Meanwhile, on July 3, 1983, Malón
 
 *822
 
 and Houss paid the O’Reillys the amount of the money judgment entered against them, and a document acknowledging this fact was filed in court.
 

 Early in 1984, the bankruptcy stay in favor of ICS was lifted by the bankruptcy court, allowing the action to continue against it. On March 15, 1984 ICS filed a motion for summary judgment against the O’Reillys and Mission, alleging collateral estoppel. Thereafter, the district court issued an opinion and judgment dismissing plaintiffs’ claim against ICS. 583 F.Supp. 1105. Plaintiffs have appealed.
 

 We agree with the district court that plaintiffs were barred from proceeding. By the time the bankruptcy stay was lifted, the O’Reillys had already obtained and collected a judgment against ICS’s agents, Malón and Houss. This precluded any right to recover against ICS since, as the court below found, their actions against ICS were based wholly on the theory of
 
 respondeat superior.
 
 To recover from ICS after they had once recovered from Malón and Houss would be to recover twice. The case of
 
 Karcher v. Burbank,
 
 303 Mass. 303, 21 N.E.2d 542 (1939), relied on by the district court, is on all fours. Having collected the payment from Malón and Houss in full satisfaction of their claim, plaintiffs cannot now contend that the verdict did not represent a definitive adjudication of their damages.
 
 See United States v. Benedict,
 
 261 U.S. 294, 298, 43 S.Ct. 357, 357-58, 67 L.Ed. 662 (1923);
 
 Kantor v. American & Foreign Power Co.,
 
 197 F.2d 307, 315 (1st Cir.1952).
 
 See also
 
 Annot. 5 L.Ed.2d 889 (1961), and cases cited therein.
 

 Mission’s position is more troublesome, but we sustain the district court. In seeking to overturn the district court’s finding of collateral estoppel, Mission points out that, without a Rule 54(b) certificate, the disposition against it in the district court had only the status of a partial, non-final judgment. Appeal from such a judgment is not authorized.
 
 See
 
 28 U.S.C. § 1291. It contends, therefore, that our judgment affirming the lower court was rendered without jurisdiction leaving Mission’s claim against Malón and Houss still in limbo.
 

 It is true that had the incomplete district court judgment been called to our attention, we would have requested appellant to obtain a certificate, and would otherwise have dismissed for lack of appellate jurisdiction.
 
 See Bowling Machines, Inc. v. First National Bank of Boston,
 
 283 F.2d 39, 41-42 (1st Cir.1960);
 
 Makuc v. Honda Motor Co., Inc.,
 
 692 F.2d 172, 173 (1st Cir.1982). Mission, however, treated the judgment as final and appealable and, the defect not being pointed out by anyone, we decided the appeal on its merits and issued our mandate affirming the judgment below. When later asked by the district court why the case had been appealed without a request for a Rule 54(b) certification, the only explanation that Mission’s counsel could provide was that “everybody involved in this case went right by that point,” to which the district court correctly replied that the court had not overlooked anything, that it was the parties’ obligation to request certification if they wanted to appeal and that nobody had done so. Since it was Mission that both appealed and overlooked the requirements of Rule 54(b), we do not believe it lies in Mission’s mouth to urge us to refuse normal collateral estoppel effect to proceedings we both reviewed and participated in at its request.
 
 See Hurd v. Dimento & Sullivan,
 
 440 F.2d 1322, 1323 (1st Cir.1971);
 
 Austin v. UNARCO Industries, Inc.,
 
 705 F.2d 1, 15 (1st Cir.1983);
 
 McPhail v. Municipality of Culebra,
 
 598 F.2d 603, 607 (1st Cir.1979).
 

 True, this court lacked appellate jurisdiction, a normally radical defect, but we see no reason not to hold in these very unusual circumstances that the judgment rendered against Mission, as affirmed by this court, was a final adjudication of its claim against Malón and Houss for the limited purpose of collaterally estopping Mission itself.
 
 [2]
 
 Collateral estoppel turns
 
 *823
 
 on whether or not the parties had a full and fair opportunity to litigate a matter.
 
 See Parklane Hosiery Co. v. Shore,
 
 439 U.S. 322, 328, 99 S.Ct. 645, 650, 58 L.Ed.2d 552 (1979);
 
 Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation,
 
 402 U.S. 313, 329, 91 S.Ct. 1434, 1443, 28 L.Ed.2d 788 (1971). As the Second Circuit said in
 
 Lummus Co. v. Commonwealth Oil Refining Co.,
 
 297 F.2d 80, 89 (2d Cir.1961),
 

 Whether a judgment, not “final” in the sense of 28 U.S.C. § 1291, ought nevertheless be considered “final” in the sense of precluding further litigation of the same issue, turns upon such factors as the nature of the decision (i.e., that it was not avowedly tentative), the adequacy of the hearing, and the opportunity for review. “Finality” in the context here relevant may mean little more than that the litigation of a particular issue has reached such a stage that a court sees no really good reason for permitting it to be litigated again.
 

 Mission had a full and fair opportunity to litigate its claim before the jury.
 
 [3]
 
 After the district court denied Mission’s motion for judgment n.o.v., no other issues relating to Mission’s claim against Malón and Houss remained to be dealt with. We can see no possible way that the inability of the O’Reillys and Mission to present their claim against ICS at the same time they were presenting their claims against Malón and Houss might have affected the outcome of the jury trial, at which a verdict against Mission was rendered. As the district court said, “If the trial had proceeded against ICS originally, plaintiffs would have ended just where they do now. It would have been inconsistent, and impermissible, for the jury to have returned verdicts more favorable to plaintiffs with respect to ICS than with respect to Houss
 

 It seems entirely clear, moreover, that the only reason the district court did not certify the judgment in compliance with the rule was because Mission never asked the court to do so. The judge who ruled against Mission below on collateral estop-pel grounds was the same judge to whom Mission should have addressed its request to certify. His explanation as to why he did not issue the certification could not be made more clear in this respect: “I have to be asked to do it. Nobody asked me.”
 

 In these circumstances, the court below properly treated the earlier proceedings as final for purposes of collateral estoppel.
 
 See Lummus Co. v. Commonwealth Oil Refining Co.,
 
 297 F.2d 80;
 
 Chemetron Corp. v. Business Funds, Inc.,
 
 682 F.2d 1149, 1190-92 (5th Cir.),
 
 reh. denied,
 
 689 F.2d 190 (5th Cir.1982),
 
 vacated on other grounds,
 
 460 U.S. 1007, 103 S.Ct. 1245, 75 L.Ed.2d 476 (1983);
 
 Zdanok v. Glidden Co.,
 
 327 F.2d 944, 955 (2d Cir.),
 
 cert. denied,
 
 377 U.S. 934, 84 S.Ct. 1338, 12 L.Ed.2d 298 (1964).
 
 See also
 
 18 C. Wright, A. Miller, & E. Cooper,
 
 Federal Practice & Procedure: Jurisdiction
 
 § 4434 (1981).
 
 *824
 
 Mission’s claim against Malón and Houss was identical to, and dispositive of, its present action against ICS.
 
 See Parklcme Hosiery Co. v. Shore,
 
 439 U.S. at 328, 99 S.Ct. at 650;
 
 Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation,
 
 402 U.S. at 324, 91 S.Ct. at 1440. Mission is not entitled to “more than one full and fair opportunity for judicial resolution of the same issue.”
 
 Id.
 
 at 328, 91 S.Ct. at 1442.
 

 Affirmed.
 

 [1]
 

 .
 
 O’Reilly v. Malon,
 
 720 F.2d 657 (1st Cir.1983). In the opinion below from which the present appeal has been taken, the district court speculates that the reason this court did not observe that the judgment was not final was because someone in the district court clerk’s office had crossed out ICS’s name as a party on the docket sheet caption.
 
 *823
 
 prehensive final judgment in connection with its disposition of the ICS claim. This covers the earlier claims, including Mission’s. Thus we plainly have jurisdiction
 
 now
 
 to affirm dismissal of Mission’s claim against Malón and Houss. In theory, our affirmance might now have to be followed by a remand to permit the district court to consider the issue of collateral estoppel with respect to ICS, but such a procedure would be a senseless formality since the result would be a foregone conclusion. We mention this alternative to make it clear that this opinion is not to be read as carving a hole in fundamental jurisdictional principles. All roads in this case lead to Rome: we simply take the shorter rather than a needlessly circuitous route.
 

 [2]
 

 . Another way of reaching the same result is open. The court below has now entered a com-
 

 [3]
 

 . Mission argues that the jury trial was not a full and fair opportunity to litigate its claim because certain relevant evidence was excluded by the district court. However, we concluded in Mission’s appeal that the district court had not erred in excluding this evidence and as the district court pointed out, “[njothing prevented [Mission] from prosecuting its action thoroughly and diligently the first time, and it had every incentive to do so. The consequences of the judgment cannot be avoided by contending that it would do better on a second go-round.”
 
 Cf. Blonder-Tongue Laboratories,
 
 402 U.S. at 334, 91 S.Ct. at 1445 (proper ruling as to estoppel pleas rest on the trial court's sense of justice and equity).
 
 See also
 
 18 C. Wright, A. Miller & E. Cooper,
 
 Federal Practice & Procedure: Jurisdiction
 
 § 4465 (1981).