535 So.2d 1385 (1988)
Robert A. NOBILE
v.
Charlotte B. NOBILE.
No. 58660.
Supreme Court of Mississippi.
December 7, 1988.
John E. Mulhearn, Jr., Mulhearn & Mulhearn, Natchez, for appellant.
John T. Green, W. Bruce Lewis, Gwin, Lewis, Punches & Hudson, Natchez, for appellee.
Before ROY NOBLE LEE, C.J., and PRATHER and GRIFFIN, JJ.
ROY NOBLE LEE, Chief Justice, for the Court:
Robert A. Nobile has appealed from a judgment of the Chancery Court of Adams County holding valid the covenant and contract executed by Robert A. Nobile and Charlotte B. Nobile, his former wife, providing that Robert A. Nobile would not appeal to the Mississippi Supreme Court from a decree divorcing Charlotte B. Nobile from him. Charlotte B. Nobile has filed a motion here seeking dismissal of this appeal. That motion will be considered along with the appeal.
There are two questions presented to the Court, which follow:

I.

WAS THE COVENANT/CONTRACT NOT TO APPEAL A VALID AND BINDING INSTRUMENT?

II.

DID THE LOWER COURT ERR IN GRANTING CHARLOTTE B. NOBILE A DIVORCE ON THE GROUND OF HABITUAL CRUEL AND INHUMAN *1386 TREATMENT, I.E., WAS THE LOWER COURT MANIFESTLY WRONG IN HOLDING THAT THE FACTS SUPPORTED THE GROUND FOR DIVORCE?
If the first question is answered in the affirmative, then the motion to dismiss the appeal should be sustained and it will not be necessary to reach the second question.

Facts
Charlotte B. Nobile filed suit for divorce against Robert A. Nobile on June 4, 1984. Involved in the suit were property issues and custody of and support for children. The lower court bifurcated the divorce from the other issues and separately tried the divorce issue. On November 2, 1984, the lower court entered a judgment divorcing Mrs. Nobile from Mr. Nobile. The latter appealed to the Mississippi Supreme Court, but, after conferences between the parties and their attorneys, on the 18th day of January, 1985, the parties arrived at and executed a covenant/contract wherein appellant contracted, covenanted and agreed to surrender and release any right to any appeals then existing or which might thereafter arise in any way touching upon or relating to the final decree of divorce and all of the issues contained therein, saving only the issues between the parties of property distribution as provided in the decree dated November 2, 1984.
In consideration of the dismissal with prejudice of the said appeal by the appellant, and his covenant not to prosecute any other appeals from the divorce decree dated November 2, 1984, appellee contracted, covenanted and agreed to enter upon good faith negotiations to settle and compromise all of the issues remaining to be settled between the parties then unresolved by that final decree of divorce and to forbear her prosecution of property and money claims which she then alleged that she had against appellant, pending said negotiations. (See Appendix I for full Covenant/Contract).
Attached to the instrument were copies of the November 2, 1984, decree, and the voluntary dismissal of appeal signed by appellant. (See Appendix II)
The order of dismissal of appeal was prepared by John Mulhearn, attorney for appellant. Lucien C. Gwin, attorney for appellee, drew the covenant not to appeal, which was reviewed with Mr. Mulhearn prior to its execution and prior to the entry of the order of dismissal of the appeal with prejudice.
Thereafter, appellant employed other counsel to enter into settlement negotiations with appellee of the matters still left unresolved and described in the covenant/contract. Settlement proposals were exchanged between the attorneys in good faith efforts to negotiate a settlement between the parties pursuant to the covenant/contract and they worked out final settlement documents which were agreeable with the parties. On the date the settlement documents were to be executed, May 14, 1985, the attorneys for appellant met at the designated place for concluding the matter, but appellant did not appear, and settlement negotiations were suspended.
Appellee had negotiated in good faith pursuant to the covenant/contract not to appeal, to resolve the remaining issues. She fulfilled all of her obligations under the covenant/contract not to appeal. Before the remaining issues could be tried by the Chancery Court of Adams County, Mississippi, appellant changed his residence to the State of Massachusetts and filed a Chapter 11 proceeding in the Bankruptcy Court of Massachusetts, staying the jurisdiction of the Chancery Court of Adams County to proceed with a resolution of the remaining issues between the parties. The only unresolved matters of property rights between the parties which the Bankruptcy Court delegated to the Chancery Court of Adams County were counterclaims filed by appellant. In an order dated October 22, 1985, the appellant and appellee, by joint motion, agreed to voluntarily dismiss with prejudice appellant's counterclaims. That order effectively concluded all matters of the bifurcated proceeding.
*1387 On November 4, 1985, appellant filed a motion to vacate the covenant and voluntary dismissal of his 1984 divorce appeal, and filed a motion for a new trial at the same time. The motions were finally overruled on May 26 and May 30, 1987. On May 26, appellant's motion to vacate the covenant and voluntary dismissal was overruled because the 6-month limitation of Rule 60, Miss.R.Civ.P., was not adhered to, and on May 30, the covenant of January 18, 1985, was held to be a valid contract with consideration. The appellant was not enjoined from appealing that decision. Thus, the matter is now before this Court.

Law
Appellant contends that the covenant/contract dated January 18, 1985, was a nullity and cites Gurley v. Gorman, 137 Miss. 210, 102 So. 65 (1924). That case is no authority on the question and simply holds that husbands and wives cannot by collusion procure a divorce. The doctrine is sound, but it does not apply to the right that parties have to contract for a valuable consideration to dismiss an appeal. In the ancient case of Barnes v. Moody, 6 Miss. (5 Howard) 636 (1841), the Court said:
This question has been so repeatedly decided that it is only necessary to refer to the authorities upon the subject for the reasons of the opinion of the court in the present case. 2 Tidd's Pr. 1170, '72, '74, and the authorities there cited.
It is surely as competent to a party against whom a judgment has been rendered to release his right to prosecute a writ of error, as to surrender any other cause of action which he may possess.
6 Miss. at 637.
Any party may waive his right to appeal by executing a binding contract not to appeal. See Billups S. Allen & Glenn Gates Taylor, "Appeals to the Mississippi Supreme Court," 48 Miss.L.J. 533 (1977), citing Barnes v. Moody, supra. The general rule on this question is stated in 4 Am.Jur.2d Appeal and Error § 236, at 732, 733 (Supp. 1988):
An agreement not to appeal, or a release of errors, if entered into by competent parties and based on a sufficient consideration, is valid and binding, and, in many jurisdictions, is a bar to review proceedings taken in violation of the agreement.
* * * * * *
Such an agreement should be very clear in its terms, and leave no doubt of the intention of the party to cut himself off from the right of appeal.
It is obvious and without question that appellant knew he was contracting and waiving his right to appeal. See Paragraphs 5 and 6 of the Covenant/Contract. After its execution, the voluntary dismissal with prejudice of the appeal was executed on the same date, the order of dismissal was entered. Thereafter, appellee, through her attorneys, negotiated in good faith for a settlement of the remaining issues between the parties as required by the covenant/contract and all matters would have been concluded except for the fact that appellant failed to show up on the date for signing the settlement documents.
Appellant now seeks to appeal the same issues concerning the divorce, which he dismissed by order dated January 18, 1985. He now claims that the appeal was a nullity from the beginning because of Rule 54(b) requirements. In O'Reilly v. Malon, 747 F.2d 820 (1st Cir.1984), the First Circuit Court of Appeals had before it the question where an appeal had been perfected after a bifurcated hearing and had been determined without the Rule 54(b) certificate. The court held that the appellant Mission was not entitled to relief even though the Rule 54(b) certificate had not been obtained. The Court stated:
Mission, however, treated the judgment as final and appealable, and, the defect not being pointed out by anyone, we decided the appeal on its merits and issued our mandate affirming the judgment below. When later asked by the District Court why the case had been appealed without a request for a Rule 54(b) certification, the only explanation that Mission's counsel could provide was *1388 that "everybody involved in this case went right by that point," to which the District Court correctly replied that the court had not overlooked anything, that it was the parties' obligations to request certification if they wanted to appeal and that nobody had done so. Since it was Mission that both appealed and overlooked the requirements of Rule 54(b), we do not believe it lies in Mission's mouth to urge us to refuse normal collateral estoppel effect to proceedings we both reviewed and participated in at its request.
747 F.2d at 822.
The court further said:
True, this court lacked appellate jurisdiction, a normally radical defect, but we see no reason not to hold in these very unusual circumstances that the judgment rendered against Mission, as affirmed by this court, was a final adjudication of its claim against Malon and Houss for the limited purpose of collaterally estopping Mission itself. Collateral estoppel turns on whether or not the parties had a full and fair opportunity to litigate a matter.
747 F.2d at 822-823.
We are of the opinion that the covenant/contract and agreement not to appeal was executed for valuable consideration; that it is a valid and enforceable contract; and that it should be, and is, given full force and effect. Therefore, the motion to dismiss this appeal of Robert A. Nobile be, and the same is granted, and the appeal is dismissed.[1]
APPEAL DISMISSED.
HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.
ZUCCARO, J., not participating.

APPENDIX I

COVENANT
WHEREAS, there is presently pending on the docket of the Chancery Court of Adams County, Mississippi, that certain cause styled Charlotte B. Nobile vs. Robert A. Nobile, and because Cause No. 32,640, in which the issues of divorce of the Plaintiff and Defendant in said cause and the issue of property distribution between them are being litigated, and
WHEREAS, by Final Decree dated November 2, 1984, the Chancery Court of Adams County, Mississippi, has awarded the Plaintiff a full, final and absolute divorce of, from and against the Defendant, a copy of said decree being attached hereto as Exhibit 1, and
WHEREAS, the issues of divorce and property distribution between the parties were at one time by decree of the Court bifurcated for purposes of trial, and thereafter some testimony touching on the property distribution was taken in these proceedings, and
WHEREAS, after the rendition of the decree of divorce the Defendant noticed his appeal of that decree to the Mississippi Supreme Court, and
WHEREAS, doubt exists as to the propriety of the taking of the appeal at the time the appeal was taken by the Defendant, and the Defendant as a part of settlement negotiations presently being conducted between the Plaintiff and the Defendant desires to dismiss his appeal and to further contract, covenant and agree that he does now and forever surrender and release to the Plaintiff his right to any appeals now existing or which may hereafter arise in any wise touching upon or relating to the final decree of divorce and all of the issues contained therein, saving only the issues between the parties of property distribution as provided in said decree, and
WHEREAS, in consideration of Defendant's dismissal of said appeal now pending, a copy of which dismissal is attached hereto as Exhibit 2, and his covenant to surrender his right to prosecute any other appeals *1389 as provided above, the Plaintiff covenants, contracts and agrees with the Defendant to enter upon good faith negotiations to settle all issues remaining to be settled between the parties and presently unresolved by the final decree of divorce of the Chancery Court of Adams County, Mississippi, dated November 2, 1984;
NOW, THEREFORE, in consideration of the premises and of the mutual covenants, terms and conditions hereinabove contained, ROBERT A. NOBILE, Defendant in the above identified cause No. 32,640 on the docket of the Chancery Court of Adams County, Mississippi, does hereby contract, covenant and agree to voluntarily dismiss with prejudice that certain appeal to the Mississippi Supreme Court which he has taken from the Final Decree of the Chancery Court of Adams County, Mississippi, styled Charlotte B. Nobile vs. Robert A. Nobile, and does further contract, covenant and agree to surrender and release any right to any appeals now existing or which may hereafter arise in any wise touching upon or relating to the final decree of divorce and all of the issues contained therein, saving only the issues between the parties of property distribution as provided in said decree, all as provided for in said Final Decree dated November 2, 1984.
In consideration of the dismissal with prejudice of said appeal by the Defendant and his covenant not to prosecute any other appeals from the divorce decree above identified, CHARLOTTE B. NOBILE does hereby contract, covenant and agree to enter upon good faith negotiations to settle and compromise all of all issues remaining to be settled between the parties and presently unresolved by the final decree of divorce of the Chancery Court of Adams County, Mississippi, dated November 2, 1984, and to forbear her prosecution of property and money claims which she presently alleges that she has against Robert A. Nobile, pending said negotiations.
WITNESS the signatures of the parties this the 18th day of January, 1985.
 /s/ Robert A. Nobile
 ROBERT A. NOBILE
 /s/ Charlotte B. Nobile
 CHARLOTTE B. NOBILE

APPENDIX II

VOLUNTARY DISMISSAL OF APPEAL
COMES NOW the Appellant, Robert A. Nobile, and enters his voluntary dismissal with prejudice of the appeal in the above styled and numbered cause.
 /s/ Robert A. Nobile
 ROBERT A. NOBILE
NOTES
[1] In view of the conclusion reached here, it is not necessary to address the assigned errors going to the merits of the case. However, since we were required to review the entire record in examining the motion to dismiss, it is evident that the lower court was not manifestly wrong in granting the divorce on the ground of habitual cruel and inhuman treatment.