**MILLER HYDRO GROUP, Plaintiff,**

v.

**Michael POPOVITCH, David Bintz, and Ward Sanders, Defendants.**

**Civ. No. 91–281–P–C.**

United States District Court, D. Maine.

June 5, 1992.

---

David Bertoni, Brann & Isaacson, Lewiston, Me., for plaintiff Miller Hydro Group.

Elena M. Gervino, Day, Berry & Howard, Hartford, Conn., Ann M. Courtney, Murray, Plumb & Murray, Portland, Me., for defendant Ward Sanders.

Leland N. Chisholm, Kelly, Remmel & Zimmerman, Portland, Me., for defendant David Bintz.

Wendell G. Large, Richardson & Troubh, Portland, Me., Daniel L. Goldberg, Bingham, Dana & Gould, Boston, Mass., for defendant Michael Popovitch.

## MEMORANDUM AND ORDER ON DEFENDANT POPOVITCH'S MOTION TO DISMISS

GENE CARTER, Chief Judge.

In this action Plaintiff seeks relief against three[1] current and former employees of Combustion Engineering, Inc. (CE) for common law fraud, negligent misrepresentation and violation of the Racketeer Influenced and Corrupt Organizations Act (RICO) in connection with the construction for Plaintiff of a hydroelectric power plant by CE. Defendant Popovitch has moved to dismiss all the claims against him on the grounds that they are barred by the doctrine of collateral estoppel. He also moves for dismissal of Counts I and II, on the ground that the allegations fail adequately to state a claim under RICO. Finally, Defendant Popovitch seeks sanctions under Rule 11 of the Federal Rules of Civil Procedure for Plaintiff's failure to dismiss the claims voluntarily.

CE sued Plaintiff Miller Hydro in this Court in Civil Action No. 89–0168–P–C. Miller Hydro counterclaimed alleging breach of contract, fraud in the inducement, fraudulent misrepresentation, and breach of the duty of good faith and fair dealing. Miller amended its counterclaims to allege RICO violations against CE and CE's individual employees, including Defendant Popovitch. The RICO claims against the individual employees were withdrawn by Plaintiff in September, 1991, and this complaint was filed. By order of October 4, 1991, the Court dismissed Miller Hydro's remaining RICO claims against CE on the grounds that they were derivative of Miller Hydro's fraud counts, on which the Magistrate Judge had previously determined that Miller Hydro had failed to establish a *prima facie* case of fraud. The case went to trial before a jury. On the special verdict form, the jury found on Miller Hydro's counterclaim that CE had made one or more false representations for the purpose of inducing Miller Hydro to act. The jury answered 'no,' however, when asked whether there was "clear and convincing evidence that Miller Hydro Group justifiably relied upon such misrepresentations, and that such reliance caused Miller Hydro Group economic loss."

██ Defendant asserts that the complaint in this action is modeled on, and virtually identical to, Miller Hydro's counterclaims in the prior action which sought damages for injuries caused by CE through the actions of the employees named as de-

---

**1.** Initially there were four defendants, but the Court dismissed the claims against Richard Austin after Plaintiff failed both to serve him with the complaint and to show cause why the action should not be dismissed against him.

fendants here. Defendant argues that because issues necessary to the RICO claims and the misrepresentation claims have already necessarily been decided adversely to Miller Hydro, the doctrine of collateral estoppel should bar the relitigation of the issues, and the claims should be dismissed.

Adopting the formulation of collateral estoppel found in the Restatement (Second) of Judgments, § 27, the Court of Appeals for the First Circuit has described the doctrine as follows: "When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties whether on the same or a different claim." *National Labor Relations Board v. Donna–Lee Sportswear Co.*, 836 F.2d 31, 33 (1st Cir. 1987). As the court further explained: "The rules of collateral estoppel embody 'the principle that one opportunity to litigate an issue fully and fairly is enough.'" *Id. (quoting Pignons S.A. de Mecanique v. Polaroid Corp.*, 701 F.2d 1, 2 (1st Cir. 1983)). Examination of the docket entries in *Combustion Engineering v. Miller Hydro* shows quite plainly that no final judgment has been entered in that case, and two counts remain for adjudication. No appeal has been taken of the issues already adjudicated.

Relying on *Lummus Co. v. Commonwealth Oil Refining Co.*, 297 F.2d 80, 89 (2d Cir.1961), Defendant argues that for purposes of collateral estoppel a judgment is final enough "if litigation of a particular issue has reached such a stage that a court sees no really good reason for permitting it to be litigated again." The court in *Lummus*, however, made explicit that one of the important factors in determining whether a judgment not "final in the sense of 28 U.S.C. § 1291, ought nevertheless be considered 'final' in the sense of precluding further litigation of the same issue," is the opportunity for review afforded the party against whom the preclusion is sought. *Id. (quoted in O'Reilly v. Malon*, 747 F.2d 820, 823 (1st Cir.1984)). Here, the parties have had no opportunity for appellate review of the issues decided on the motion to dismiss or by the jury's verdict. The case is ongoing. The Court finds, therefore, that there is no basis for the application of the doctrine of collateral estoppel at this point, for Plaintiff has not yet had a full and fair opportunity to litigate to finality its claims.

■ Defendant next argues that pursuant to Federal Rule of Civil Procedure 12(b)(6), Plaintiff's complaint should be dismissed because it fails to state a claim under RICO. As this Court has recently stated:

In ruling on a motion to dismiss, the Court must take the material allegations of the complaint as true and construe the pleadings in the light most favorable to Plaintiffs.... The motion will be granted "only if, when viewed in this manner, the pleading shows no set of facts which could entitle Plaintiff to relief." ... The Court, however, has "no duty to 'conjure up unpled allegations', in order to bolster the plaintiffs' chances of surviving a 12(b)(6) motion to dismiss." ... Plaintiffs must "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory."

*Gott v. Simpson*, 745 F.Supp. 765, 768 (D.Me.1990) (citations omitted).

In Count I Plaintiff seeks relief for Defendants' alleged violation of 18 U.S.C. §§ 1962(b) and (c). Those sections provide:

(b) It shall be unlawful for any person through a pattern of racketeering activity or through collection of an unlawful debt to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.

(c) It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

Count II alleges a conspiracy to commit violations of sections 1962(b) and (c) in violation of 18 U.S.C. § 1962(d). In brief, the complaint alleges that the three individual Defendants over a period of time by use of the telephone, telefax, telex, and mails made various misrepresentations concerning the capacity of Miller Hydro's hydroelectric project and hid from Plaintiff the true capacity in order to obtain an inflated power production bonus.

Defendant first argues that Plaintiff has failed sufficiently to plead the existence of a RICO enterprise separate from the RICO defendants, and that the RICO counts should be dismissed.[2] The Court of Appeals for the First Circuit has explained that "under § 1962(c) the 'person' alleged to be engaged in a racketeering activity (the defendant, that is) must be an entity distinct from the 'enterprise;' under § 1962(c) the enterprise is not liable." *Odishelidze v. Aetna Life & Casualty Co.,* 853 F.2d at 23–24.

The complaint alleges that Defendants Bintz, Popovitch, and Sanders, who were all employed by Combustion Engineering, the turnkey contractor for Plaintiff's hydroelectric project, "operated and were otherwise associated with an 'Enterprise' whose purpose was, in whole or in part, the obtaining of illegally inflated power production bonuses from at least one and possibly additional hydroelectric power plant developers for which Combustion acted as turnkey contractor." Complaint, ¶ 8. Plaintiff also alleges that "[t]he Enterprise was also comprised of others known and unknown, both within and without Combustion, including Don Brandl, Michel Paccard, and others." *Id.* Although the complaint does not state it explicitly, Combustion En-

gineering is plainly intended to be part of the enterprise. Paragraph 11 alleges that "[p]ursuant to the Enterprise, Combustion obtained contracts with one or more hydroelectric power plant developers, including Miller Hydro, stating that Combustion's compensation as turnkey contractor would in part be based upon the plant's eventual electrical power production...." *Id.,* ¶ 11. Similarly, Plaintiff alleges that "[t]he RICO Defendants, through the Enterprise, designed, built, and tested one or more hydroelectric plants...." *Id.,* ¶ 17.

The acts complained of here were carried out by Combustion Engineering and its employees[3]. It is plain that a company and its employees cannot be the enterprise that conducts its own affairs through a pattern of racketeering activity. *Odishelidze,* 853 F.2d at 23; *Rodriguez v. Banco Central* 777 F.Supp. 1043, 1054 (D.P.R.1991). In *Glessner v. Kenny,* 952 F.2d 702 (3d Cir. 1991), the Court of Appeals for the Third Circuit recently explained this rule: " '[A] § 1962(c) enterprise must be more than an association of individuals or entities conducting the normal affairs of a defendant corporation. A corporation must always act through its employees and agents, and any corporate act will be accomplished through an 'association' of these individuals or entities." *Id.* at 712 (*quoting Brittingham v. Mobil Corp.,* 943 F.2d 297, 301 (3d Cir.1991)). Thus, "the distinction requirement is not satisfied by merely naming a corporation and its employees, affiliates, and agents as an association-in-fact, since a corporation acts through its employees, subsidiaries and agents, and would thereby be merely associating with itself." *Rodriguez,* 777 F.Supp. at 1054.

---

**2.** Although Defendant sweepingly suggests that all of the RICO counts should be dismissed because of the failure to allege a distinct enterprise, the one case he cites, *Odishelidze v. Aetna Life & Casualty Co.,* 853 F.2d 21, 23–24 (1st Cir.1988), addresses only claims brought under 18 U.S.C. § 1962(c). Since Defendant has failed to develop the argument with appropriate citation to authority as it might relate to the other RICO claims, the Court treats it as waived as to those claims. *See Collins v. Marina–Martinez,* 894 F.2d 474, 481 n. 9 (1st Cir.1990).

**3.** Although Defendant Sanders is no longer employed by Combustion Engineering, there are no specific allegations of fraudulent conduct *by him* past the time of his employment and no basis in the complaint for inferring any relationship or duty to Plaintiff past the time of his employment. Sanders is described in the complaint merely as a former employee who supervised Combustion's work on hydroelectric projects, including Plaintiff's project. Complaint, ¶ 7.

The enterprise here, while not explicitly set forth, is alleged to be comprised of Combustion Engineering, its employees, and "Don Brandl, Michel Paccard, and others." Without the presence of "Brandl, Paccard, and others" the complaint obviously would not meet the requirement that the Defendant be distinct from the enterprise. The complaint contains no allegations concerning "Brandl, Paccard and others" other than the conclusory averment that they are part of the enterprise. There are no allegations articulating how these vaguely mentioned individuals "may have comprised part of an 'ongoing organization' or 'function[ed] as a continuing unit.'" *Feinstein v. Resolution Trust Corp.*, 942 F.2d 34, 41 n. 7 (1st Cir. (1991) (*quoting United States v. Turkette*, 452 U.S. 576, 583, 101 S.Ct. 2524, 2528, 69 L.Ed.2d 246 (1981)). As the court in *Feinstein* noted in *dicta*, such conclusory allegations are insufficient to show the existence of the statutorily required enterprise. *Id.* Plaintiff, therefore, has failed to state a claim under 18 U.S.C. § 1962(c).

Occasionally, when a RICO complaint is subject to dismissal because it fails to satisfy the requirements of Federal Rule of Civil Procedure 9(b) concerning the pleading of fraud with particularity, the Court does not dismiss the complaint but allows discovery to facilitate possible later amendment. *See, New England Data Services, Inc. v. Becher*, 829 F.2d 286, 289 (1st Cir. 1987). The failure of the complaint here is not due to Plaintiff's inability to glean from Defendants the particular circumstances of the fraud alleged. Rather it is the failure of Plaintiff to articulate clearly the nature of the enterprise. The Court does not find, therefore, that it should refrain from dismissing that portion of the complaint based on section 1962(c).

Having examined Defendant's cursory arguments that Plaintiff has failed adequately to allege continued criminal activity, a pattern of racketeering activity, intent to defraud and an agreement to commit the predicate acts and the complaint, the Court finds them without merit. Also, Defendant seeks sanctions under Federal Rule of Civil Procedure 11 on the grounds that Plaintiff should have dismissed its claims voluntarily. There clearly has been no showing that Rule 11 sanctions are in order.

Accordingly, it is *ORDERED* that Defendant's motion to dismiss be, and it is hereby, *GRANTED* in part. That portion of Count I alleging a violation of 18 U.S.C. § 1962(c) is hereby *DISMISSED*.

Given the apparent similarity of the complaint here and the counterclaims asserted by Plaintiff Miller Hydro in the prior litigation, the Court finds that judicial economy would be served by staying this action until final resolution of the other action. After final judgment enters in that case, and the appeal period has run, the Court will meet with counsel in this case to discuss scheduling. It is, therefore, *ORDERED* that this action be, and it is hereby, *STAYED* until after final judgment has entered and the appeal period has run in Civ. No. 89-0168-P-C.

Finally, it is *ORDERED* that Defendant's Motion for Rule 11 sanctions be, and it is hereby, *DENIED*.

SO ORDERED.