# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 94-CA-00629-SCT

*JOHN J. ASKEW*

*v.*

*REBECCA WILKINSON ASKEW*

| | |
|---|---|
| DATE OF JUDGMENT: | 06/17/94 |
| TRIAL JUDGE: | HON. RAY MONTGOMERY |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | STEPHEN L. BEACH, III |
| ATTORNEY FOR APPELLEE: | CYNTHIA STEWART |
| | JAMES H. HERRING |
| NATURE OF THE CASE: | CIVIL - DOMESTIC RELATIONS |
| DISPOSITION: | AFFIRMED - 8/7/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 8/29/97 |

**EN BANC.**

**BANKS, JUSTICE, FOR THE COURT:**

¶1. This case presents the question whether and when Rule 60(b) of the Mississippi Rules of Civil Procedure may be used to set aside an agreed judgment in a divorce case concerning custody and support. We conclude that while the trial court may have misspoken concerning the general availability of the motion, the allegations in the motion before the court were not sufficient to entitle the movant to an evidentiary hearing on the substantive issues raised by the motion. We, therefore, affirm.

I.

¶2. On January 4, 1993, Rebecca W. Askew (hereafter Rebecca) filed a complaint for divorce from the Appellant, John J. Askew (hereafter John). John duly answered and trial proceedings began on August 18, 1993. Testimony was offered from various witnesses including John and Rebecca. The court did not resolve all issues at this time and proceedings were continued. An organization referred to as the Home Care Management and Central Mississippi Health Care at Home appeared at a January 10, 1994, hearing on a motion for a protective order. It was at this hearing when counsel

representing John indicated that an agreement had been struck resolving all issues in dispute. After some discussion, the court accepted the agreement and a final judgment of divorce was entered into the record.

¶3. On March 30, 1994, John filed a motion for relief from a final judgment of divorce pursuant to Mississippi Rules of Civil Procedure, Rule 60(b)(1), Rule 60(b)(3), and Rule 60(b)(6) alleging fraud, newly discovered evidence as to Rebecca's misconduct and misrepresentation. The same chancellor presided at the hearing regarding John's motion for relief and several additional motions filed by Rebecca. Rebecca filed a motion to strike, motion to quash a subpoena duces tecum, and a motion for a protective order. After considering John's argument, the trial court denied his motion for relief finding that there was an agreed judgment between the parties and that the motion to set aside was an inappropriate method to come before the court. The court sustained Rebecca's motion to strike, motion to quash and granted the protective order sought by her. John now appeals to this Court for relief.

## II.

¶4. John seeks to set aside an agreed judgment of divorce whereby he relinquished physical and legal custody of his minor children to Rebecca while retaining visitation privileges. In exchange, the agreement provided that Rebecca would not pursue a charge of assault in the Municipal Court of Madison, Mississippi, unless the city demanded that she pursue the charges. On March 30, 1994, John filed a motion for relief from this judgment pursuant to the Mississippi Rules of Civil Procedure, Rule 60(b) alleging, in large part, fraud and misrepresentation by Rebecca, and new evidence. Rule 60(b) provides the following:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) fraud, misrepresentation, or other misconduct of the adverse party;
>
> . . . .
>
> (3) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
>
> . . . .
>
> (6) any other reason justifying relief from the judgment.

¶5. John's allegations under Rule 60(b)(3) require little attention. The record indicates that John conceded that his motion relied on allegations of fraud and misrepresentation of fact, not new evidence. "Your Honor, I'm not alleging new evidence; I'm alleging under Rule 60 fraud and misrepresentation of fact. It's clear I think that a motion can be raised at any time even after the judgment for fraud." Also, John appears to abandon any contention that the divorce agreement should be set aside because of new evidence. As stated in appellant's reply brief, "[t]his Rule 60(b) motion fell in the category of 'any other reason justifying relief' which John Askew also relies upon." Therefore, present consideration of John's motion for relief will be confined to Rules 60(b)(1) and 60(b)(6).

¶6. John alleged that Rebecca may have committed perjury regarding her drug use and that she may have forged John's name without his permission. The trial court held that John's action was improper because he used the wrong procedure. The trial court was of the view that John was confined to either contempt proceedings for violation of the judgment or proceedings to modify based upon a material, substantial change of circumstances. John argued that public policy in Mississippi prohibited a decree to stand that was obtained by fraud, and that Rebecca committed acts of misrepresentation and fraud. The court denied John a hearing on the issues raised.

¶7. John relies on several cases to support his 60(b) motion for relief. In *MacFadden v. State*, 580 So. 2d 1210 (Miss. 1991), the Court stated that where a prisoner proceeds pro se ". . .the fact the that complaint is not precisely stated nor consistent will not harm his case." *Id.* at 1214. John suggests that because he represented himself in open court Judge Montgomery's conclusion that John's claim was in the improper form should not bar his action for relief. In the alternative, John argues that equity principles support his claim for relief and provide sufficient grounds to have the alleged incidents of Rebecca's fraud explained at a hearing on the merits. *Vockroth v. Vockroth*, 200 So. 2d 459 (Miss. 1967);*Zwerg v. Zwerg*, 179 So. 2d 821 (Miss. 1965).

¶8. John argues that *Vockroth*, 200 So. 2d 459 (Miss. 1967) stands for the proposition that ". . .the presence of equity prevails on appeal despite the lack of proper preservation of a record or other matters." The appellant argues, although it is difficult to be certain, that even though Rebecca's alleged wrongdoing is not on the record the principles of equity require that the court take action on the allegations. In the case of *Vockroth*, the appellant, Mrs. Vockroth, appealed a decision to modify custody of her children after she violated the terms of the custody agreement by taking the children to Nevada. In affirming the lower court decision which granted physical custody of the children to the father, the court found equity would never come to the aid of one guilty of unjust action or unrighteous dealing in the same transaction. *Id.* at 463. *Taliaferro v. Ferguson*, 205 Miss. 129 (Miss. 1949).[1] The rule found in *Vockroth* is sound as to who may seek equitable relief. Application of the rule in this matter, however, does not require that John's MRCP 60(b) motion for relief be granted.

¶9. While John's application of *Vockroth* in support of his instant appeal may be a bit of a mystery, his reliance on *Zwerg v. Zwerg*, 179 So. 2d 821 (Miss. 1965) is not. The facts in *Zwerg* show that the appellant, Ralph, entered a decree of divorce in 1963 and that nearly six months later the parties reconciled without extinguishing the divorce decree. Thereafter, Ralph deserted his wife and children, and the wife brought action for support. *Id.* at 823. This Court upheld a decision granting support to the wife which estopped Ralph from asserting that his failure to formally set aside the divorce as a defense to his wife's suit for support. The court found that Ralph's act constituted fraud.

> The public policy of Mississippi will not allow to stand a decree of divorce obtained by fraud, and such decree may be attacked successfully at any time whether the basis of the attack appears on face of the record or not.

*Id.*

¶10. In the appeal at bar, John argues that the alleged fraud was used to obtain an agreed judgment. Therefore, the analysis involves two parts: (1) does the final settlement agreement bar John's MRCP

Rule 60(b) motion and inquiry into Rebecca's fraudulent action?; (2) if not, are there sufficient grounds to remand that matter for a proper hearing?

## III.

¶11. John argues that the fact that an agreed judgment was struck between the parties in open court where both parties were represented by counsel is irrelevant when matters of fraud are alleged by either party involved. The Appellee counters by citing *Nobile v. Nobile*, 535 So. 2d 1385 (Miss. 1988) which supports the proposition that parties may enter into an agreement which settles all issues between the parties and waives any right to appeal. In addition, Rebecca argues that consent agreements such as these are not ordinarily subject to review. 4 Am Jur. 2d, Appellate Review, § 175, pp. 802-803. According to the record, the court refused to entertain John's motion for relief because "[t]he court did not make an adjudication based on the evidence. . . ."

¶12. In *Nobile,* supra., the appellant brought an action to dismiss and vacate a covenant freely entered by the parties not to prosecute an appeal from the divorce. The Court resolved the matter as follows:

> We are of the opinion that the covenant/contract and agreement not to appeal was executed for valuable consideration; that it is a valid and enforceable contract; and that it should be and is given full force and effect. Therefore, the motion to dismiss this appeal of Robert A. Nobile be, and the same is granted, and the appeal is dismissed.

*Id.* at 1388.

¶13. John argues that *Nobile* is distinguishable from the case at bar because *Nobile* involved a specific covenant not to appeal and the agreement between the instant parties involved no such covenant. The more reasonable comparison, however, appears to be the intent of these types of agreement. "An agreement not to appeal, or a release of errors, if entered into by competent parties and based on a sufficient consideration, is valid and binding. . . ." *Id.* at 1387. There is nothing in the record that indicates that either party did not intend to enter the agreement. In *Nobile*, as valuable consideration, the appellee agreed to forbear her prosecution of property and money claims which she then alleged that she had against the Appellant. *Id.* at 1386. In the matter on appeal, Rebecca agreed to not pursue or prosecute the charge of assault which she filed against John in the City Court of Madison, Mississippi, unless required to do so by the proper authorities of the City of Madison, Mississippi. Therefore, it is reasonable to conclude that the agreed divorce settlement was supported by consideration as well as the mutual promises in the agreement.[2]

¶14. As for the competence of the parties, John does argue that he entered the Final Judgment of Divorce Agreement under duress. There is no indication of any duress beyond the stress which normally attends domestic litigation.

> It is the well-established general rule that it is not duress to institute or threaten to institute civil suits, or take proceedings in court, or for any person to declare that he intends to use the court wherein to insist upon what he believes to be his legal rights.

*McGehee v. McGehee*, 85 So. 2d 799 (1956).

¶15. The Final Judgment of Divorce and Other Relief was signed by Judge Montgomery and approved by both parties with legal counsel participating. The evidence of duress was presented in the form of an affidavit of Judith James who attended the January 10, 1994 hearing when the agreed judgment was announced. The evidence indicates that from her observation John had some extreme emotional reactions while discussing with his lawyer the decision to settle the case. Based on these events, it is difficult to determine the source of John's emotional reaction. Certainly domestic cases are emotionally charged matters, but no proof exists that suggests that Rebecca contributed to John's emotional status at the time of the hearing. Yes, Rebecca did institute the legal action which brought John to court but this action is not duress according to *McGehee*. And even if John had claimed that Rebecca applied stress in order to force him to enter the agreement, the duress would need to be clearly intentional.

> To constitute duress by threats the actor's manifestation must be made for the purpose of coercing the other; must have for its object the securing of undue advantage with respect to the other; must be of such a character that it is adapted to overpower the will of the other and is reasonably adequate for the purpose; must in fact deprive the other to act to his detriment.

*Libel v. Libel*, 616 P.2d 306 (1980)

¶16. There is no indication of sufficient evidence to conclude that Rebecca did anything to coerce John into the agreed judgment. Thus, while there may be proof that John did suffer emotionally during the proceedings, there is no suggestion of a legal basis to conclude that the duress he experienced was sufficient to set aside the agreed judgment.

¶17. In *Stringfellow v. Stringfellow*, 451 So. 2d 219 (Miss. 1984), MRCP 60(b) was compared to a similar rule found in the Federal Rules of Civil Procedure. *Id.* at 221. As such, authoritative federal interpretations of the rule have been considered helpful because of the strong similarity our rule share with the federal rule. In addition, ". . .motions for relief under Rule 60(b) are generally addressed to the sound discretion of the trial court and appellate review is limited to whether the discretion has been abused. *Id.*; *Clarke v. Burkle*, 570 F.2d 824 (5th Cir. 1978). In *Stringfellow*, supra., we affirmed a trial court's denial of a former wife's motion for relief based on fraud under MRCP Rule 60(b). We held that the trial judge had not abused his discretion in denying the appellant's motion for relief, and that a Rule 60(b) motion should be denied where it is merely an attempt to relitigate a case. *Id.* at 221. "The rule does apply, however, to all final judgments as well as those entered after contest." Wright, Miller & Kane, *Federal Practice and Procedure; Civil 2d* § 2852 at 235 (1995). Therefore, the trial court could have denied John's request for relief based on Rebecca's alleged fraud, but only after determining that he failed to satisfy the appropriate test. That test is whether the allegations in the motion and indicated evidence is such that would constitute fraud which induced the agreed judgment.

> To constitute fraud there must be (1) a representation, (2) its falsity, (3) its materiality, (4) speaker's knowledge of its falsity or ignorance of its truth, (5) *his intent that it should be acted on by the person and in the manner reasonably contemplated,* (6) the hearer's ignorance of its falsity, (7) *his reliance on its truth*, (8) his right to rely thereon, and (9) his consequent and proximate injury.

*Id.* (emphasis added).

¶18. Proceedings related to the divorce of John and Rebecca were heard before Judge Montgomery on August 18, 1993, January 10, 1994, and June 14, 1994. Without question, he was in an extremely advantageous position from which to consider the Rule 60(b) motion and determine whether it is being used to simply relitigate the case. His judgment is unreliable because, in his view, the motion was simply unavailable.[3] John made 15 allegations of fraud against Rebecca, however, even if all of them are true, none of these claims can be said to have induced John to enter the agreed judgment of divorce to his detriment.

¶19. The first allegation is that documents were concealed regarding telephone conversations which revealed misrepresentations on the part of Rebecca. John offers little evidence of which documents he is referring to in this allegation, but the record shows that the issue of concealed conversations was dealt with prior to the agreed judgment. Rebecca admitted taping conversations but testified that these tapes were erased. Other documents or transcripts to which John may be referring to were submitted to John per his request. Also, recordings involving cellular telephone conversations between Rebecca and others while working was requested by John just prior to the agreed judgment being announced by John's attorney. The announcement that an agreed judgment was struck obviously waived any right to have Rebecca's employer release the records.

¶20. Allegations 2, 9, 10, 11, 13 each involve matters that were known to John at the pretrial stage of the divorce proceedings. Rebecca's failure to comply with these various requests, therefore, was known to John prior to his participation in the agreed judgment of divorce. Allegations 3, 7, and 8 each indicate that Rebecca had participated in some sort of illegal drug use a fact of which John was also well aware of prior to execution of the agreed judgment based primarily on Rebecca's admission to smoking marijuana. Allegations 4 and 5 involve claims that Rebecca and her employer worked together to produce misrepresentations. These are unavailing to John's fraud claim against Rebecca because John had already attempted to elicit testimony about Central Mississippi Home Health Care's understanding regarding Rebecca's illegal drug use prior to entering into the agreement. Allegation 6 argues that Rebecca sold joint property without consent, however, the record indicates that the joint property was an automobile which the parties agreed to allocate subject to the agreed judgment.

¶21. Allegation 12 asserts new evidence but John admits that his Rule 60(b) motion is not based on new evidence. Allegation 14 claims miscellaneous nonspecific allegations which cannot be considered for that reason. Allegation 15 claims that because John was misrepresented by his attorney, he was fraudulently induced into the agreed judgment for divorce. This final allegation may support a claim against counsel, but the Rule 60(b) motion for fraud is not sustained by this allegation.

## CONCLUSION

¶22. While a motion under Rule 60(b) may lie to attack an agreed judgment of divorce, the allegation and indicated evidence should be such as would convince a court that what is sought is not simply an opportunity to litigate that which is already settled. Here the allegations made were outstanding at the time of the settlement. Having forgone the first opportunity to fully litigate those allegations, John should not be allowed to reopen based upon the very same allegations. There are no grounds alleged sufficient to set aside the agreed judgment of divorce. Thus, the trial court's decision should be affirmed in accord with this opinion.

¶23. **AFFIRMED.**

**PRATHER AND SULLIVAN, P.JJ., ROBERTS, SMITH AND MILLS, JJ., CONCUR. DAN LEE, C.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY PITTMAN AND McRAE, JJ.**


**DAN LEE, CHIEF JUSTICE, DISSENTING:**


¶24. The majority opinion states, "[w]e conclude that while the trial court may have misspoken concerning the general availability of the [MRCP 60(b)] motion, the allegations in the motion before the court were not sufficient to entitle the movant to an evidentiary hearing on the substantive issues raised by the motion." Because this conclusion is flawed, I respectfully dissent.

¶25. The standard of review when evaluating a MRCP 60 motion is abuse of discretion. *Stringfellow v. Stringfellow*, 451 So. 2d 219, 221 (Miss. 1984). The chancellor in the case *sub judice*, however, did not even reach consideration of John Askew's ("John") MRCP 60(b) motion. The chancellor informed John that a MRCP 60(b) motion was not available to him to attack the agreed judgment of divorce, stating that "the method [by which] you're attempting to come into court is not the proper method." The chancellor appeared to believe that -- because the divorce judgment was agreed to and signed freely, with advice of counsel, by the parties -- attack by a MRCP 60(b) motion was improper. The majority correctly, albeit somewhat obtusely, concludes that a MRCP 60(b) motion is a proper vehicle with which to attack an agreed judgment, such as the agreed divorce judgment in the instant case. The chancellor, however, did more than just "misspeak" as to the "general availability" of a MRCP 60(b) motion in the case *sub judice*. By refusing even to consider the MRCP 60(b) motion, *he made an error of law* which requires reversal and remand of the instant case for an evidentiary hearing as to the allegations made by John in his foreclosed MRCP 60(b) motion.

¶26. The majority further complicates matters by then evaluating John's allegations and determining the sufficiency of such allegations -- an inquiry that is properly made at the trial level and not the appellate level. As the majority has so eloquently stated, "the trial court could have denied John's request for relief based on Rebecca's alleged fraud, *but only after determining* that he [John] failed to satisfy the appropriate test" (emphasis added). The chancellor made no such finding, refusing even to consider John's MRCP 60(b) motion because of his incorrect assumption that a MRCP 60(b) was an improper procedure by which to attack an agreed divorce judgment. Clearly, according to the majority's own assertions, the chancellor should have evaluated and determined the sufficiency of the allegations in John's MRCP 60(b) motion. The chancellor is in the best position, as the one hearing argument and evaluating credibility, to make such a determination. We, as an appellate court, should not be making evaluations and conclusions clearly the duty of and within the province of the chancellor.

¶27. Additionally, I write to disagree with the majority's reasoning as to the availability of a MRCP 60(b) motion as an attack on an agreed judgment of divorce. Citing *Nobile v. Nobile*, 535 So. 2d 1385 (Miss. 1985), a case which involved a specific covenant not to appeal an agreed judgment, the majority appears to apply contract principles to a final agreed judgment of divorce. The majority states that "it is reasonable to conclude that the agreed divorce settlement was supported by

consideration as well as the mutual promises in the agreement." This agreed divorce agreement in the instant case did not, however, include a covenant not to appeal the agreement. Beyond that, an agreed judgment is a final judgment, not a contract, and is subject to MRCP 60(b) and not contract principles. *Nobile*, as employed by the majority, is clearly not applicable in the instant case.

¶28. Further, a MRCP 60(b) motion is *not* an appeal of the agreed divorce judgment. Quite simply, a MRCP 60(b) motion seeks relief from a final judgment, such as this agreed divorce judgment, because of the adverse party's fraud or misrepresentation in obtaining the final judgment.

¶29. For the foregoing reasons, I would reverse and remand the instant case for an evidentiary hearing on the allegations raised by John's MRCP 60(b) motion. Therefore, I respectfully dissent.

**PITTMAN AND McRAE, JJ., JOIN THIS OPINION.**

1. The Court in this case indicted that " . . .when a party seeks the interposition and aid of that court, such a party must show that in good faith and to the best of his ability and understanding he on his part has rendered unto the opposite party all rights to which the latter is entitled in respect directly to the subject matter of the suit or petition, and this is true even as to many of the suit or petition, and this is true even as to many of those things which the defendant could not compel by a independent suit." *Taliaferro*, 205 Miss. 129, 140, (1949).

2. The assertion in the dissent that an agreed divorce settlement decree is a judgment rather than a contract ignores our precedents recognizing that such a decree is a bit of both. *Crow v. Crow*, 622 So. 2d 1226, 1229 (Miss. 1993); *McManus v. Howard*, 569 So. 2d 1213, 1215 (Miss. 1990); *Nichols v. Tedder*, 547 So. 2d 766 (Miss. 1989).

3. It follows, the dissent argues, that we should remand this matter to the trial court for consideration with the knowledge derived from our ruling here that Rule 60(b) is available for this purpose. Two things militate against that course. Judge Montgomery is no longer on the bench. A new trial judge looking at the allegations made in the motion and the agreed judgment would be in no better position than this court to assess its merits. Additionally, the question whether the allegations taken as true make out a prima facie case for relief in the present context is essentially a legal issue. In a domestic case such as the instant one, it is desirable that the issues be settled as expeditiously as possible. Finally, it is clear that a trial court judgment may be affirmed on grounds other than those relied upon by the trial court. *Kirksey v. Dye*, 564 So. 2d 1333, 1336 (Miss. 1990); *Stewart v. Walls*, 534 So. 2d 1033, 1035 (Miss. 1988) and procedural failings will not require reversal where the evidence dictates but a single result. *Sheppard v. Mississippi State Highway Patrol*, No. 93-CA-00117-SCT, 1997 WL 251586, (Miss. May 15, 1997); *Mississippi Employment Security Commission v. Gaines*, 580 So. 2d 1230 (Miss. 1991).